## S. D. ALEXANDER *v.* L. W. HERRING, ADMINISTRATOR.

### [55 South. 360.]

1. EXECUTORS AND ADMINISTRATORS. *Powers.   Code* 1906, *sections* 2057 *and* 2058.

   An administrator is a statutory trustee whose duties and powers are fixed by law and cannot be enlarged by a decree of a court of chancery.

2. ADMINISTRATION. *Powers and duties.*

   A chancery court cannot authorize an administrator to engage in business with the funds of the estate.

3. SAME.

   The duty of an administrator consists in protecting the estate, winding up its affairs, collecting its assets and paying its debts and finally turning over to the court the net estate for distribution to those entitled to it.

   Sections 2057 and 2058, Code 1906, expressly authorize the administrator to deal with growing crops and to cultivate or rent farm land, but an administrator under these sections is not authorized to buy timber and operate a sawmill and it is beyond the power of the chancery court to empower him to do so.

4. SAME.

   In the absence of a statute authorizing it, an administrator has no authority to incur debts, binding on the estate, except for incidental expenses in due course of the administration of the estate.

5. VOID DECREE. *How attacked.*

   A void decree of the court may be attacked anywhere either collaterally or directly.

APPEAL from the circuit court of Carroll county.

HON. G. A. McLAIN, Judge.

Suit by S. D. Alexander against L. W. Herring, administrator of the estate of C. M. Vaiden, deceased. From a judgment sustaining a demurrer to plaintiff's declaration, he appeals.

The facts are as follows:

This is a suit by appellant against appellee, administrator of the estate of C. M. Vaiden, for damages for breach of contract entered into between appellant and appellee, whereby appellant was to operate a sawmill on the estate of said decedent. The contract was to begin February 1, 1909, and end January 1, 1910. On June 1, 1909, appellee paid all amounts due to date and refused to carry out the contract, on the ground that it was not binding. The appellant exhibits an order of the chancery court empowering appellee to operate the sawmill belonging to the estate of the decedent, and to buy and pay for certain timber. The administrator demurred, on the ground that the order of the chancellor was *ultra vires* and void, and conferred no authority upon him to create a charge against the estate of the decedent. The demurrer was sustained, and, plaintiff declining to amend, judgment was entered against him, from which comes this appeal.

*Hill & Coleman,* for appellant.

This is an appeal from a judgment of the circuit court sustaining a demurrer to plaintiff's declaration.

There are many grounds of demurrer. In fact the demurrer resembles a bill in chancery, but the grounds relied upon in the court below, and I presume the grounds that will be relied upon here, were the third and fourth grounds of demurrer which are substantially that the order of the chancery court allowing L. W. Herring, administrator, to make the contract sued on is void, and fourth, that the declaration does not set forth that the chancery court had jurisdiction to render such order.

As to the question of jurisdiction it is not an open one in this state, and it is not necessary to allege jurisdiction of the facts of a court possessing general jurisdiction under the Constitution and this question is settled in 72 Miss. Rep. 760. The contention that the order is

void cannot be sound. The court examined into the matter and discovered from proof that it was the best interests of the minors for their guardian, W. L. Herring, to sell the timber on the land they own, and that the proceeds be used for the education and maintenance of the minors. Therefore it was ordered that L. W. Herring was to sell the timber on certain lands belonging to his wards at not less than fifty cents per one thousand feet on the stump and to render an account of the same to this court, and that the proceeds of the said sale were to be used advantageously for the estate of the said wards.

It appears that L. W. Herring was also administrator of the estate of C. M. Vaiden, deceased, and the order of the court provided how the proceeds were to be applied by L. W. Herring, both as guardian and as administrator. Certainly that was not a void order.

It was sought by the defendant and obtained by him and he undertook to carry it out and made a contract with the plaintiff in this case and the plaintiff in this case alleges a breach of his contract and sues for the damages resulting therefrom, and in the declaration did not allege that the chancery court of the second district of Carroll county had jurisdiction of the estates of minors, nor allege any facts showing said jurisdiction. Because the chancery court of Carroll county is a court of general jurisdiction, and has control of all minor's business, and all matters of administration, and under the authority cited, and several others, it is unnecessary to make any such allegations.

*McLaurin, Armistead & Brien,* for appellee.

We insist that the demurrer in this case was well taken and that the lower court acted properly in sustaining this demurrer. The declaration unquestionably states no cause of action for the reason that this order of the chancery court authorizing the administrator, appellee, to

make the contract sued on is void; and if the administrator, appellee, had no right to make such a contract, the contract is void and the order of the chancery court attempting to confer the power upon the administrator is likewise void. We insist that the chancery court had no jurisdiction whatever to authorize any administrator to operate a sawmill on the land of a decedent, and to incur expenses of employees in a mere speculative venture. No authority of law that we have been able to find confers upon the chancery court any such jurisdiction. We therefore say that the grounds of the demurrer are unquestionably well taken. The lower court took this view on the ground that there was no authority of law for the administrator to make any such contract and that no such authority could be conferred upon him by the chancery court, and therefore the estate which the administrator represented, the minors, who were the heirs of the land, could not be made to pay a judgment rendered on such contract. The court will observe that in said order of the chancery court referred to, the language is used that said timber is to be paid for at a sum not greater than fifty cents per thousand feet on stump where cut; showing that this timber was a part of the realty with which the administrator has nothing in the world to do ordinarily; that standing timber upon land is a part of the land we suppose appellant will not deny, and this being so, we contend that an administrator, such as is shown in this case, exercising the ordinary powers of an administrator, has nothing in the world to do with the real estate of the decedent except to sell it to pay debts and that the chancery court has no right to authorize any administrator to sell real estate of the decedent except to pay debts. This principle has been so fully established that it hardly needs the citation of authority.

"An administrator has nothing to do with the land of an estate except under an order to sell to pay debts." *Herring* v. *Harris,* 45 Miss. 62.

"At common law lands descended were not assets. It is only by statute that they become assets and may be subjected to debts." *McPike* v. *Wells,* 54 Miss. 136, 149.

Lands descended directly to the heirs of the deceased. When a necessity arises to deal with it as assets they must have notice. *McPike* v. *Wells,* 54 Miss. 148, 149; *Gordon* v. *James,* 86 Miss. 719, 751.

"An administrator has no authority to incur debts which will be obligatory on the estate he represents except the incidental charges in due course of administration." *Farley et al.* v. *Hord et al.,* 45 Miss. 96; *Hollman* v. *Bennett,* 44 Miss. 322, 332.

In the last cited case, in the concluding part of the Opinion on page 332, the court said: "And are inclined to the opinion (not necessary however, to be decided in this case) that the probate court has no authority to license the sale of lands except to pay the debts of the intestate; that the expenses of administering the personal estate is not such debt within the terms of the statute."

Our statute charging lands of a decedent with debts means those debts contracted by the deceased, and not those of the representative in administering the estate. *Moore* v. *Ware,* 51 Miss. 206; *Allen* v. *Pool,* 54 Miss. 323.

We say, therefore, that the common law as held in the case cited in 44th Miss., *supra,* prevails in this state, being changed only by statute; and as the lands of a decedent were not assets at common law, they are only made assets by statute, and if the statute cannot be pointed to, authorizing the sale of a decedent's land, then any attempted sale of the decedent's land, even by a chancery court, is void as being without authority of law. When the court looks at this order of the chancery court, you will find that here is an order directing the administrator to operate a sawmill belonging to the estate of the decedent. No authority of law that we have been able

to find authorizes the administrator to do any such thing, nor have we been able to find any authority of law which would empower the chancery court to confer any such authority upon an administrator as operating a sawmill.

The court will observe from this order, also, that L. W. Herring, administrator and appellee, is authorized by the chancery court to purchase from himself as guardian of the minor heirs of the decedent, the hardwood timber on the land of the heirs and to pay fifty cents per thousand feet on the stump when cut, and to operate said sawmill belonging to said estate of C. M. Vaiden, deceased. In other words, we have in this order a strange condition presented of a trustee being directed to buy from himself. L. W. Herring, administrator, is authorized to buy from L. W. Herring, guardian of these wards, this timber and with the timber to operate a sawmill on the idea that this would be for the benefit of all concerned.

As held by Judge Simrall in *Farley et al.* v. *Hord et al.,* 45 Miss., *supra,* on page 104, the administrator is styled a "statutory trustee," invested with naked power, uncoupled with interest, and must be confined directly within the terms of the statute; and on page 101 at bottom of page, and page 102, of the same case, in the same opinion, Judge Simrall lays down the law as follows:

"Have the complainants an equity to sell the lands? It is not controverted by the counsel for the respective parties that under the general law, an administrator has no authority to incur or create debts which will be obligatory on the estate he represents, except the incidental charges in the due course of administration. A summary of his duty is found in the oath of office. He must, as soon as convenient, pay off the debts and distribute the surplus. The general tenor of the law does not encourage the idea that he can hold the property together and out of its income, through a series of years, realize money

to pay off the debts; nor can he borrow money in antici-
pation of income; nor can he keep it together on the
theory and with a view of making profit for distributees;
nor can he intermeddle with the lands which have de-
scended to the heir, except in special circumstances.''

This being the law, we insist that any order of the
chancery court which undertook to authorize an admin-
istrator to operate a sawmill indefinitely on the idea of
making money for the distributees, is specially condemn-
ed by this authority, and such an order is void; and if
the chancery court's order is void, necessarily the con-
tract sued on is void, because if the administrator had
no right to make the contract, the contract is void, and
no recovery can be had thereon.

MAYES, C. J., delivered the opinion of the court.

The trial court properly sustained the demurrer and
dismissed the declaration. If any liability exists under
the contract sued on, it is the liability of L. W. Herring,
individually and personally, and not a liability of the
estate which he represents as administrator.

An administrator is a statutory trustee, whose duties
and powers are fixed by law. These duties and powers
cannot be enlarged by a decree of the chancery court,
and, if the chancery court by its decree undertakes to
confer upon an administrator powers which are denied
under the law, the decree of the court is a nullity.

A chancery court can no more authorize an adminis-
trator to engage in business with the funds of the estate
than it can make a decree declaring that the funds of
the estate shall be the property of the administrator.
In either case the decree goes clear beyond the powers
of the court, and beyond the legal right or duty or pur-
pose of an administrator, and such decree is a nullity.

One of the things which an administrator cannot do.
in the absence of a statute authorizing it, is to engage
in business of any kind. The duty of an administrator

consists in protecting the estate, winding up its affairs, collecting its assets, and paying its debts, and finally turning over to the court the net estate, for the purpose of having it distributed to those entitled to it. The heirs are not to have their property hazarded by allowing the administrator to venture it in business, however honest may be the purpose of the administrator or bright the prospect. In winding up a decedent's business, some discretion is allowed an administrator in a proper case; but it must be allowed in winding up, and not allowing the administrator to engage in a wholly new and independent business.

Sections 2057 and 2058, Code of 1906, expressly authorize the administrator to deal with growing crops and to cultivate or rent farm land. But, whatever powers an administrator may ordinarily have, a discussion of them is not involved in this case, because it is clear that the contract authorized by the chancery court to be made by the administrator was beyond the power of the court, or of the administrator, and is a nullity. The decree of the court authorized the administrator to buy hardwood timber and operate a sawmill; in other words, to engage in a milling business. The contract derives no sanctity from the fact the court authorized it, because it was beyond the power of the chancery court. In the case of *Farley* v. *Hord,* 45 Miss. 6, this court expressly held that, in the absence of a statute authorizing it, an administrator has no authority to incur debts binding on the estate, except for incidental expenses in due course of the administration of the estate. The decree of the court being void, it may be attacked anywhere, either collaterally or directly, and is no more than if such decree had never been rendered.        *Affirmed.*