ROBERTSON, Justice:
This is an appeal from a judgment of the Circuit Court of the First Judicial District of Hinds County, on a writ of garnishment against Saint Paul Fire and Marine Insurance Company, garnishee-defendant, and in favor of John T. R. Arnold, judgment creditor.
Arnold was injured when Charles W. Geter, a non-resident of the State of Mississippi, ran his automobile into the rear of the airport limousine being operated by Arnold for his employer. Geter failed to answer the declaration and Arnold took a default judgment against him and upon writ of inquiry the court rendered judgment on June 1, 1970, against Geter for $20,000.00, “from which the Michigan Mutual Liability Company is entitled to $2,479.92,” Michigan Mutual being the workmen’s compensation carrier.
On June 25, 1970, Arnold filed suggestion for writ of garnishment on this judgment against Geter, suggesting that Saint Paul Fire and Marine Insurance Company “is indebted to the said Defendant in said case, or has property of the said Defendant in their hands, or know of some other person who is so indebted, or who has ef *873 fects or property of the said Defendant in their hands.”
On July 9, 1970, the Circuit Court gave a default judgment against Saint Paul Fire and Marine Insurance Company, the garnishee-defendant, for $20,000.00. On that same day, the garnishee-defendant, Saint Paul, filed a motion to set aside default judgment. The Court, on July 17, 1970, during the same term of court at which the default judgment was rendered, entered an order setting aside the default judgment against Saint Paul. On July 22, 1970, Saint Paul, as garnishee, filed its .answer, answering in the four particulars mandatorily required by Section 2788, Mississippi Code of 1942 Annotated (1956). Saint Paul answered that it was not indebted to defendant Geter, had no effects of Geter in its hands, did not know or believe that there was any other person indebted to Geter, and did not know or believe that any other person had effects of Geter in his possession or under his control.
The plaintiff and judgment-creditor, Arnold, filed a contest of the answer of the garnishee-defendant, alleging that Geter was an “uninsured motorist” and operating an “uninsured motor vehicle” as those terms áre defined by Mississippi law. Arnold further charged that the owner of the automobile that he (Arnold) was operating, carried liability insurance with Saint Paul, the garnishee-defendant, and that said insurance contract had uninsured motorist coverage, as required by Mississippi law.
Saint Paul, as garnishee, filed an answer to Arnold’s contest, setting up six defenses, the principal defense being that this was a garnishment proceeding and Saint Paul was not indebted to Geter nor did it have any effects of Geter, the judgment debtor, in its hands. Saint Paul also answered that its contract of insurance was with Capital City Limousine Company, and not Geter, and that the only way the liability of Saint Paul to Arnold, under the uninsured motorist clause, could be established would be in a direct action against Saint Paul.
After a hearing, the circuit court ruled:
“The contention of the garnishee defendant, St. Paul Fire and Marine Insurance Company, that it is not subject to garnishment in this cause is untenable.
“The type of insurance issued by St. Paul to Capital City Limousine was what is known as a public liability and property damage policy. Liability as to tort or contract will not arise in favor of the plaintiff in a similar suit until the claim is reduced to judgment. In short, there is no privity between the plaintiff here and St. Paul prior to judgment on behalf of the plaintiff. After such judgment is procured, then St. Paul, as the liability insurance carrier, would be subject to respond to the garnishment.”
The court then rendered judgment against Saint Paul for $2,520.08, which sum was arrived at by deducting $2,479.92 (the amount of workmen’s compensation paid Arnold by Michigan Mutual Liability Company) from $5,000.00, the amount of the uninsured motorists coverage.
Attachment and garnishment are in derogation of the common law and exist only by virtue of statute. Consequently, resort to the statute is necessary to determine the extent and scope of the process. Such remedies can be resorted to only at the times and upon the conditions expressly authorized and imposed by statute. 6 Am.Jur.2d, Attachment and Garnishment, § 9, page 567.
6 Am.Jur.2d, Attachment and Garnishment, § 13, page 570, further explains attachment and garnishment in this way:
“Generally, the authority of a court to proceed in attachment or garnishment is special and limited and no presumptions exjst in its favor; and a court, even of general jurisdiction, cannot proceed by attachment or garnishment unless the power rests upon express statutory authority. The court must have before it a case in which the use of such process is authorized by the statute; the cause *874 of action by the plaintiff against the defendant must be within the class of actions in which the remedy of attachment or garnishment is made available; a proper ground for invoking the remedy must exist; and compliance with the procedural requirements of the statutes is essential.”
The contract of insurance was entered into by Capital City Limousine Company with Saint Paul. For a premium paid by Capital City, Saint Paul provided the minimum uninsured motorists coverage to Capital City. Geter was a stranger to this contract. Saint Paul owed Geter nothing nor did it have any of Geter’s effects in its hands. The Circuit Court should have dismissed the writ of-garnishment against Saint Paul.
The uninsured motorists clause of the insurance contract entered into by Capital City with Saint Paul provides:
“No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive, as between the insured and the company, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company.”
Saint Paul, not having consented to the action against Geter, is not bound thereby, and Arnold can only prove his case against Saint Paul in a direct action against it. Harthcock v. State Farm Mutual Automobile Insurance Co., 248 So.2d 456 (Miss.1971), Hodges v. Canal Insurance Company, 223 So.2d 630 (Miss.1969).
Arnold in his cross-assignment of error contends that: **
“The lower Court erred in setting aside Cross-Appellant’s, John T. R. Arnold, $20,000.00 judgment against the Appellant and Cross-Appellee, Saint Paul Fire and Marine Insurance Company, instead of requiring said Cross-Appellee to comply with Section 2798 of the Mississippi Code of 1942, as amended.”
Saint Paul did comply fully with the provisions of Section 2798, Mississippi Code of 1942 Annotated (Supp.1971), in that at the same term of court at which the default judgment was rendered Saint Paul did show cause for vacating the default judgment and the court did vacate that judgment. The court did not abuse its discretion in setting aside the default judgment.
The judgment against Saint Paul on the writ of garnishment is reversed, and the writ of garnishment is dismissed. This is without prejudice to the right of Arnold to bring a direct action against St. Paul Fire and Marine Insurance Company on the uninsured motorists clause of its contract of insurance.
Reversed and rendered.
RODGERS, P. J., and JONES, PAT TERSON and INZER, JJ., concur.