320 So.2d 373 (1975)
STATE FARM FIRE AND CASUALTY COMPANY
v.
Edith WIGHTWICK.
No. 48308.
Supreme Court of Mississippi.
September 29, 1975.
Rehearing Denied November 3, 1975.
Wise, Carter, Child, Steen & Caraway, William M. Dalehite, Jr., Jackson, for appellant.
Buckley & Ford, Laurel, for appellee.
Before GILLESPIE, SMITH and ROBERTSON, JJ.
SMITH, Justice.
State Farm Fire and Casualty Company appeals from a judgment of the Circuit Court of Jones County, affirming a judgment rendered against it by the County *374 Court of that county, in favor of Edith Wightwick, for $5,000. There is no cross-appeal.
The suit involves the "uninsured motorist clause" of a policy of automobile liability insurance issued by State Farm to its named insured, Mrs. Cleo Barlow.
It appears that in December, 1969, appellee, Edith Wightwick, a granddaughter of Mrs. Barlow, who was staying with Mrs. Barlow at the time, was sent by Mrs. Barlow to "get something for supper." On the way, Wightwick, driving Mrs. Barlow's car, was involved in a collision with the automobile of one Hiram Williamson. State Farm was not notified of this occurrence.
An action in tort, in which neither State Farm nor Mrs. Barlow were involved or named, was filed by Wightwick against Williamson claiming damages as a result of the collision. A copy of the summons issued for Williamson in that case was, according to the clerk, mailed to State Farm. Williamson failed to defend the action and judgment was rendered against him by default. On writ of inquiry, Wightwick's damages were fixed at $5,000.
Later on, Wightwick brought the present suit against State Farm to recover the amount of the judgment under Mrs. Barlow's policy, alleging that Williamson had been an "uninsured motorist" within the meaning of the uninsured motorist clause of the policy and of Mississippi Code Annotated section 83-11-101 (1972).
When the case against State Farm came on for trial, there was introduced on behalf of Wightwick, over objection, the default judgment she had obtained against Williamson. Also, placed on the stand in her behalf was Mrs. Barlow, who identified her State Farm policy and testified that her granddaughter had been "living with" her at the time of the collision and was using the Barlow car with Mrs. Barlow's permission. Williamson was called on behalf of Wightwick and testified only that he had been uninsured and that he did not consider the collision to have been his fault. Wightwick neither testified nor appeared.
No proof of any kind was made or offered by Wightwick as to the facts or circumstances of the collision between Wightwick and Williamson or as to the nature and extent of Wightwick's injuries, or that she had, in fact, been injured at all.
At the conclusion of this abbreviated hearing, the trial court denied the motion of State Farm to direct the jury to find peremptorily in its favor and sustained a similar motion on behalf of Wightwick for a verdict against State Farm for $5,000 under the uninsured motorist clause in Mrs. Barlow's policy. This was affirmed by the circuit court on appeal.
State Farm contends that in the present suit it was incumbent upon Wightwick to allege and prove, among other things, that Williamson not only had been an uninsured motorist but that he had been guilty of negligence which proximately caused or contributed to the collision, and also to show by some evidence that she had been injured as the result of the collision. In the last two respects, at least, Wightwick utterly failed to make any attempt to meet the burden which rested upon her. Mississippi Code Annotated section 83-11-105 (1972), provides, among other things:
In the event the owner or operator of the uninsured vehicle causing injury or death is known and action is brought against said owner or operator by the named insured as defined by said policy, then a copy of the process served upon the owner or operator shall also be served by the circuit clerk mailing, registered mail, a copy of the process to the insurance company issuing the policy providing the uninsured motorist coverage as prescribed by law. (Emphasis added).
*375 It is to be noted that Mrs. Barlow, not Wightwick, was the "named insured" in State Farm's policy and that both Wightwick and Williamson were strangers to the contract, unknown to State Farm. Any coverage of Wightwick existed only by virtue of the claim that she had been a member of Mrs. Barlow's household and was using the car with Mrs. Barlow's consent. Not a single word of testimony appears in the record as to any of the facts or circumstances of the collision between Wightwick and Williamson. Not a single word of testimony or other evidence appears in the record that Wightwick sustained any injury whatever as the result of the collision.
State Farm was not a party to the litigation between Wightwick and Williamson and was in no way bound by the judgment recovered by Wightwick against Williamson. State Farm had no connection with either party and had no standing to intervene on behalf of either. Among other things the uninsured motorist clause in Mrs. Barlow's policy provides:
For the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree and the insured so demands, by arbitration; but if the insured elects not to arbitrate, the liability of the company shall be determined only in an action against the company and no judgment against any person or organization alleged to be legally responsible for such damages shall be conclusive of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company, in any action against the company, the company may require the insured to join such person or organization as a party defendant. (Emphasis added).
A similar provision was upheld in Saint Paul Fire & Marine Insurance Co. v. Arnold, 254 So.2d 872 (Miss. 1971), wherein the Court said:
Saint Paul, not having consented to the action against Geter, is not bound thereby, and Arnold can only prove his case against Saint Paul in a direct action against it.
(254 So.2d at 874).
No contention is made that consent of State Farm to the suit against Williamson was ever requested or given.
The judgment recovered in the case brought by Wightwick against Williamson, to which State Farm was not a party, was not res judicata against State Farm and in no way bound State Farm under the circumstances of this case.
Although the suit by Wightwick against Williamson and the recovery of a default judgment against him did not bar or prejudice Wightwick's right to bring the present suit against State Farm, it was essential to due process that she carry the burden which rested upon her to prove, in the action against State Farm, that (1) Williamson had been an uninsured motorist; (2) Wightwick was a member of Mrs. Barlow's household and was driving the Barlow car with Mrs. Barlow's consent; (3) while driving the Barlow car she was involved in a collision with the automobile of Williamson as the proximate result of negligence on Williamson's part and (4) she sustained an injury as the result. Wightwick's right to recover against State Farm depended upon proof that the collision had proximately resulted from negligence on Williamson's part and that she had sustained an injury. As to both of these items the record is as silent as a tomb.
*376 The trial court was in error in refusing to instruct the jury peremptorily to return a verdict for State Farm. The judgment appealed from must, therefore, be reversed and judgment entered here for State Farm Fire and Casualty Company.
Reversed and judgment entered for State Farm Fire and Casualty Company.
RODGERS, P.J., and PATTERSON, INZER, SUGG, WALKER and BROOM, JJ., concur.