366 So.2d 668 (1979)
Mrs. Lannell M. DUNNAM, as guardian of the Estate of Charles Henry Butler, Jr., Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.
No. 50730.
Supreme Court of Mississippi.
January 24, 1979.
*669 Covington & Roberts, Larry E. Roberts, Meridian, for plaintiff-appellant.
Eppes & Shannon, Walter W. Eppes, Jr., Meridian, for defendant-appellee.
Before PATTERSON, SUGG and BOWLING, JJ.
PATTERSON, Chief Justice, for the Court:
This appeal arises from a decree of the Chancery Court of Lauderdale County construing the uninsured motorist provisions of a policy issued to Mrs. Lannell Dunnam by State Farm Mutual Automobile Insurance Company (hereinafter State Farm). It involves the priority of a subrogation lien of an insurer over the judgment lien of an insured to the assets of an uninsured motorist judgment debtor.
On August 29, 1975, Charles Henry Butler, Jr., sixteen years of age, was injured in an automobile accident. At the time he was engaged, with other youths, in loading and hauling hay on a flatbed truck for Ernest E. Byrd. Kevin Ponds was the truck driver although he was only fifteen years old and had possessed his driver's license for very few months. After the last load of hay was placed on the truck late in the afternoon, one of the youthful employees seated himself in the cab of the truck with the driver and the others, including Henry, climbed to the top of the hay for their return to the barn. While enroute the hay fell from the truck tumbling Henry into the roadway where he was struck by an oncoming vehicle driven by Jerry McKee. Henry suffered a broken leg, three broken ribs and a large burn across his back by contacting the automobile's exhaust pipe. These injuries required hospitalization for about five and one-half weeks. Doctors' bills of $1255, as well as a hospital bill of $4,519.60, were admitted into evidence without objection.
Mrs. Lannell M. Dunnam, mother and next friend of Charles Henry Butler, Jr., filed suit in the circuit court against Henry's employer Ernest E. Byrd, Kevin Ponds, the truck driver, his parents, and Jeffrey McKee, the driver of the automobile which struck Henry. After a three-day trial, the jury returned a verdict against Byrd only for $20,000 and a judgment for that amount was entered on April 21, 1977.
Byrd did not have liability insurance on the truck and filed a voluntary petition in bankruptcy on May 27, 1977. Plaintiff thereafter filed proof of her claim and at this time there exists a fair probability that plaintiff's judgment might be satisfied, or partially so, from the assets of the bankruptcy estate.
Mrs. Dunnam had insurance on her family car with State Farm which provided coverage of $10,000 for injuries caused by an uninsured motorist. Her son Henry was protected by the policy. However, State Farm declined payment until the beneficiary entered into a trust agreement entitling it to first payments from the uninsured motorist. As the guardian of her son Mrs. Dunnam filed suit in the chancery court against State Farm on the policy and recovered a judgment of $10,000. The court held, however, that State Farm by subrogation was entitled to the first monies collected on the $20,000 judgment against Ernest Byrd, the uninsured motorist, being of the opinion that Mississippi Code Annotated section 83-11-107 (1972) so required.
*670 There is assigned for reversal:
1. It was error for the trial court to interpret Section 83-11-107 of the Mississippi Code of 1972 so as to allow the Appellee insurance company first subrogation rights against the Appellant before the Appellant's ward had actually received full satisfaction of his personal judgment against the uninsured.
2. The lower court erred in failing to award the Appellant interest at 8% per annum according to statute on $10,000.00 of the $20,000.00 judgment rendered by the Circuit Court of Lauderdale County, Mississippi, from and after April 21, 1977, the date of the Circuit Court judgment, until October 18, 1977, the date the Chancery Court signed its decree.
We are of the opinion the trial court erred in concluding State Farm's subrogation lien had priority over the judgment creditor's lien. Section 83-11-107, Subrogation, provides in pertinent part:
An insurer paying a claim under the endorsement or provisions required by Section 83-11-101 shall be subrogated to the rights of the insured to whom such claim was paid against the person causing such injury, death, or damage to the extent that payment was made, including the proceeds recoverable from the assets of the insolvent insurer... . [A]nd that any recovery against such owner or operator shall be paid to the insurance company to the extent that such insurance company paid the named insured in the action brought against such owner or operator, except that such insurance company shall pay its proportionate part of any reasonable costs and expense incurred in connection therewith, including reasonable attorney's fees.
The trust agreement in the policy follows:
"5. Trust Agreement  Coverages C, M and U. In the event of payment to any person under coverage C, M or U:
(a) the company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made;
(b) such person shall hold in trust for the benefit of the company all rights of recovery which he shall have against such other person or organization because of the damages which are the subject of claim made under the coverages:
(c) such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights;
(d) if requested in writing by the company, such person shall take, through any representative designated by the company, such action as may be necessary or appropriate to recover such payment as damages from such other person or organization, such action to be taken in the name of such person; in the event of a recovery, the company shall be reimbursed out of such recovery for expenses, costs and attorneys' fees incurred by it in connection therewith;
(e) such person shall execute and deliver to the company such instruments and papers as may be appropriate to secure the rights and obligations of such person and the company established by this provision." (Emphasis exists in the original instrument.)
This agreement undoubtedly intended to provide for pro tanto subrogation with priority to the insurer. The terms of the policy are clear that this effect was intended, but nevertheless the policy must be construed in accord with applicable statutes.
In our jurisprudence if the provisions of an insurance policy conflict with the statute, the statutory provisions prevail and are incorporated into the policy. In United States Fidelity & Guaranty Company v. Stafford, 253 So.2d 388 (Miss. 1971), we held:
[1] It is the law in this state as it is in most jurisdictions that if there is any difference between an insurance policy as written by the company and the requirements by statute of the state, the requirements of the statute are incorporated into and become a part of the policy of *671 the insurance company. (253 So.2d at 391)
Therefore, the construction of Section 83-11-107 controls this case. While we have no case directly in point, several pronouncements concerning the uninsured motorist statute have been made. In Stevens v. United States Fidelity & Guaranty Company, 345 So.2d 1041 (Miss. 1977), we held:
[1] We are compelled in interpreting this statute's language to shape our decision in conformity with the public policy behind this legislation as expressed in Rampy v. State Farm Mutual Automobile Insurance Co., 278 So.2d 428 (Miss. 1973).
"In interpreting similar, if not identical statutes, the vast majority of jurisdictions have stated that the purpose of such uninsured motorist laws is to provide protection to innocent insured motorists and passengers injured as a result of the negligence of financially irresponsible drivers. A fine pronouncement of the policy considerations underlying uninsured motorist legislation is as follows:
`A provision, drawn by the insurer to comply with the statutory requirement of uninsured motorist coverage, must be construed in light of the purpose and policy of the statute. Such a provision, drawn in pursuance of a statutorily declared public policy, is enacted for the benefit of injured persons traveling on the public highways. Its purpose is to give the same protection to the person injured by an uninsured motorist as he would have had if he had been injured in an accident caused by an automobile covered by a standard liability policy. Such provisions are to be liberally construed to accomplish such purpose.' [278 So.2d at 432].
"In addition, as pointed out by Parker v. Cotton Belt Insurance Co., Inc., 314 So.2d 342 (Miss. 1975), the uninsured motorist statute is remedial in nature and must be liberally construed to accomplish its purpose.
"[2] The terms and provisions of the Mississippi Uninsured Motorist Coverage Act are written into every automobile liability policy issued in this state  unless the named insured shall reject the coverage in writing. United States Fidelity & Guaranty Co. v. Gough, 289 So.2d 925 (Miss. 1974)." (345 So.2d at 1043)
And in Hodges v. Canal Insurance Company, 223 So.2d 630 (Miss. 1969), it was explained:
[3, 4] The purpose of the uninsured motorist provision is to provide the insured a means of collecting that to which he is legally entitled for bodily injuries caused by accident arising out of the ownership, maintenance and use of an uninsured automobile. This provision must be construed from the perspective of the injured insured, from whose standpoint a tort-feasor operating an automobile with no insurance available is an uninsured motorist. It is all the same to him whether there is no insurance at all, or a policy that is incapable of being applied to satisfy his claim because the tort-feasor's insurer lawfully disclaims liability. (223 So.2d at 634) (Emphasis added.)
In Harthcock v. State Farm Mutual Automobile Insurance Co., 248 So.2d 456 (Miss. 1971), we pointed out that the uninsured motorist coverage is mandatory and that the statute [now Miss. Code Ann. § 83-11-101 (Supp. 1978)] undertakes "... to pay the insured all sums which he shall be legally entitled to recover as damages for bodily injury ... from the owner or operator of an uninsured motor vehicle... ." This section must be read in pari materia with Mississippi Code Annotated section 83-11-107 (1972) providing for subrogation. In Harthcock, supra, we continued:
... The insurer may not cut down on the coverage the statute requires. The statute intends to provide a source for the collection by the insured of all sums which he shall be legally entitled to recover as damages against the owner or operator of an uninsured motor vehicle... . (248 So.2d at 459) (Emphasis added.)
We then held:
... [T]hat the uninsured motorists coverage of each policy of liability insurance *672 is available to the injured insured until all sums which he shall be entitled to recover from the uninsured motorist have been recovered... . (248 So.2d at 461-462)
Appellant argues that numerous state courts have construed statutes similar to ours to provide for pro tanto subrogation. However, the uninsured motorist statutes in those states contain the phrase "subject to the terms and conditions of such coverage", or similar words, which is absent from the uninsured motorist provisions of our code. We are of the opinion that Mrs. Dunnam, guardian, is legally entitled to full recovery of the amount of her judgment before State Farm shall be entitled to subrogation.
Appellant next contends the court erred in failing to award interest on $10,000 from the time of judgment against the uninsured motorist on April 21, 1977, until October 18, 1977, the date of the chancery decree. We are of the opinion this assignment has merit. We held in State Farm Mutual Insurance Co. v. Bishop, 329 So.2d 670 (Miss. 1976), that when an insurer has knowledge that its insured has suffered damages in excess of its uninsured motorist coverage as a result of the negligence of an uninsured motorist, and arbitrarily refuses payment, the insured is entitled to prejudgment interest. Here State Farm concedes knowledge of the judgment against Ernest E. Byrd for $20,000 and admits he was uninsured at the time of the accident. It also acknowledges demand for payment of the $10,000 and its conditional offer in response to Mrs. Dunnam. Upon her refusal to meet the conditions State Farm refused to make payment. In addition, the record indicates that State Farm waived the requirement of written consent for suit by the plaintiff against Byrd, et al. Moreover, the trial was seriously contested which distinguishes it from State Farm Fire & Casualty Co. v. Wightwick, 320 So.2d 373 (Miss. 1975), and Saint Paul Fire & Marine Insurance Co. v. Arnold, 254 So.2d 872 (Miss. 1971), cited by appellee.
We conclude Mrs. Dunnam was entitled to interest from the time of the judgment in circuit court. However, appellant in her bill of complaint prayed for interest only from April 29, 1977. We therefore hold that appellant is entitled to interest from April 29, 1977, at the legal rate until October 18, 1977.
The judgment of the trial court is affirmed in part and reversed and rendered in part. Judgment is rendered allowing Mrs. Dunnam, as guardian, recovery of the full amount of her judgment before State Farm is entitled to subrogation and legal interest on $10,000 from April 29, 1977, to October 18, 1977. The judgment in the amount of $10,000 decreed in favor of Mrs. Dunnam, as guardian, is affirmed.
AFFIRMED IN PART, REVERSED AND JUDGMENT HERE FOR APPELLANT IN PART.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.