368 So.2d 230 (1979)
STATE FARM FIRE & CASUALTY COMPANY
v.
Vanda R. MAGEE, Administratrix of Estate of Janice Faye Magee, Deceased.
No. 50923.
Supreme Court of Mississippi.
March 7, 1979.
*231 Wise, Carter, Child, Steen & Caraway, William M. Dalehite, Jr., Edward J. Currie, Jr., Jackson, for appellant.
Michael J. Malouf, Jackson, for appellee.
Before ROBERTSON, WALKER and LEE, JJ.
LEE, Justice, for the Court:
Vanda R. Magee, Administratrix of the Estate of Janice Faye Magee, Deceased, intestate, filed suit in the Circuit Court of the First Judicial District of Hinds County against State Farm Fire & Casualty Company on an uninsured motorist claim. After the plaintiff rested, the defendant filed a motion for directed verdict which was overruled by the trial judge, and the defendant then also rested. The jury returned a verdict for the plaintiff in the amount of ten thousand dollars ($10,000), judgment was entered thereon, and the defendant has appealed.

I.

Did the trial court err in allowing testimony of the administrator of the estate of Gilbert Richard pertaining to the administrator's investigation and conclusions as to the insurability of Gilbert Richard?
Janice Faye Magee was a passenger in a truck operated by one Calvin Walley and owned by Eagle Motor Lines. The truck collided with an automobile driven by Gilbert *232 Richard in which his wife and three (3) other individuals were riding. Ms. Magee and Gilbert Richard (a resident of Chicago, Illinois) were both killed in the accident.
Ms. Magee carried liability insurance with State Farm Fire & Casualty Company, her policy included uninsured motorist coverage, and suit was filed against the company under that provision. Attorney Angelo J. Dorizas qualified as administrator of the estate of Gilbert Richard in the Chancery Court of Warren County, Mississippi. Dorizas testified that he conducted an independent investigation as administrator and personal representative of said estate, that a claim was asserted against the estate for the wrongful death of Vanda R. Magee, that he made several trips to Chicago in the investigation of his client's case, and that the purpose of his investigation was to find and collect any personal property and assets of said estate in Mississippi. Existence of a liability insurance policy would constitute an asset of the estate. He further testified that his investigation revealed there was no liability insurance policy in effect on Gilbert Richard or on the automobile he was driving at the time of the collision (April 24, 1974).
The appellant contends that the testimony of Dorizas was inadmissible because it constituted hearsay evidence, and cites State Farm Mutual v. Stewart, 288 So.2d 723 (Miss. 1974). However, there the testimony as to his investigation was by plaintiff's attorney and it was held to be without probative value, while here the testimony was by the administrator of the deceased uninsured motorist's estate. Appellant cites Pan American Fire & Cas. Co. v. Loyd, 411 S.W.2d 557 (Tex.Civ.App. 1967), where the Texas Court held that testimony of an administrator as to statements made by insurance companies was hearsay and that the administrator's conclusions were without probative value. In Texas, hearsay evidence is totally incompetent and even without objection will not support a verdict. Subsequently, in State Farm Mutual Automobile Insurance Co. v. Matlock, 462 S.W.2d 277 (Tex. 1970), the Texas Court held that a plaintiff in an uninsured motorist case attempts to prove a difficult negative, that the proof must be merely sufficient to convince the jury all reasonable efforts were made to determine the existence of such evidence; and that no insurance was discovered.
The duty of the administrator of a deceased's estate requires him, among other things, to collect assets and pay debts of the estate, to liquidate the affairs of the estate, and to distribute the net residue of the estate to those persons entitled to it. Alexander v. Herring, 99 Miss. 427, 55 So. 360 (1910). Attorney Dorizas testified as the administrator of Richard's estate about what he did in determining whether or not there was a liability insurance policy covering Richard. Such actions cannot be complained of as hearsay. If some part of his testimony is argued to be hearsay, it falls within the exception to the exclusionary hearsay rule as stated in 29 Am.Jur.2d Evidence § 496, at 554 (1967) following: "An exception to the hearsay rule may be made where the hearsay evidence is the only possible proof, as where a sole witness to a transaction is dead or beyond the reach of a subpoena."
The administrator made a reasonable effort to determine the existence or not of liability insurance, which satisfied the burden of proof. We hold that the trial court did not err in admitting the administrator's testimony. We further hold that when a reasonable investigation has been made by an administrator or executor to determine the existence of a liability insurance policy (in the estate), the results of that investigation may be shown. If the investigation indicates the nonexistence of such a policy, the plaintiff has made out a prima facie case. The burden then shifts to the insurance company to prove the existence of insurance. To hold otherwise would, as a practical matter, void the uninsured motorist provision where the uninsured motorist is deceased.

II.

Did the trial court err in admitting in evidence answers to interrogatories propounded to a non-resident witness, Mrs. Catherine Richard, who did not testify, to prove that Gilbert Richard was not insured?
Mrs. Catherine Richard is the widow of Gilbert Richard. She was riding in the automobile driven by him at the time of the unfortunate accident. Both she and Mr. Richard lived in Chicago, Illinois, and, although the record does not show they were residing together, the inferences are that they were cohabiting as husband and wife and living in the same household. Such *233 being the situation, any liability insurance policy issued to Richard covers her as a member of the household, and she has an interest in the policy. Mrs. Richard was asked and answered the following interrogatories:
"Q. State your name please.
A. Mrs. Catherine Richard.
Q. Where is your residence located?
A. 11527 South Eggleston, Chicago, Illinois 60628.
Q. Who was the owner and operator of the vehicle in which you were riding on or about April 24, 1974 at the time of the accident that occurred in Warren County, Mississippi in which you were injured and which resulted in the death of Miss Janice Faye Magee?
A. Gilbert Richard, Jr.
Q. What relation were you to the owner and operator of the vehicle?
A. My husband.
Q. Do you know if there was any liability insurance on the operator or on the vehicle in which you were riding at the time of the accident?
A. Yes.
Q. Was there any such liability insurance at the time of said accident?
A. No."
The interrogatories were filed, notice was given to the appellant, a motion to suppress the interrogatories was filed and overruled, and appellant declined to propound cross-interrogatories. Appellant now claims that the answers constitute hearsay, that it had no opportunity to cross-examine Mrs. Richard and that the interrogatories and answers were erroneously admitted in evidence.
This Court held in Stonewall Insurance Co. v. McQueen, 337 So.2d 711 (Miss. 1976), that the husband, wife and son, constituting the family of an uninsured motorist, would have been covered by a liability insurance policy as members of the same household and that the testimony of the son, who was driving the automobile, and the wife, that there was no insurance in effect, together with the reasonable inferences from such testimony, was sufficient to withstand a request for peremptory instruction.
Appellee propounded the interrogatories under Mississippi Code Annotated Section 13-1-35 (1972), (since repealed) and there is no contention that the statute was not complied with. Mississippi Code Annotated Section 13-1-47 (1972) (since repealed) provided that interrogatories taken, certified and returned pursuant to law are admissible as evidence in a case. The statutes were complied with, the interrogatories were admissible, and there is no merit to this assignment.

III.

Was the appellee's evidence as to the uninsurability and negligence of Gilbert Richard insufficient, and, therefore, should appellant's motion for a directed verdict, or in the alternative, appellant's motion for a judgment notwithstanding the verdict, or in the alternative a new trial, have been sustained?
This is the second appearance of the case before the Mississippi Supreme Court. On the first trial, the lower court sustained a motion for directed verdict, the case was appealed here and was reversed and remanded for a new trial. Magee v. State Farm Fire & Casualty Co., 345 So.2d 1391 (Miss. 1977). The Supreme Court Record No. 49,382 was incorporated in the present cause on motion of appellant.
The proof indicated that Janice Faye Magee was riding in an eighteen-wheel tractor-trailer truck, traveling south on Highway 61 Bypass in Warren County, and, as the truck approached the intersection of said highway and Culkin Road, a pickup truck pulled out in front of it. The truck driver drove into the northbound lane of Highway 61 in order to avoid hitting the smaller vehicle he was attempting to pass, and that vehicle increased speed. The tractor-trailer truck driver then attempted to slow down, and the smaller vehicle also slowed down. The Richard vehicle was approaching from the south and the view was clear for a distance of approximately one (1) mile. In order to avoid a collision, the tractor-trailer driver went approximately nine (9) feet off the east edge of the pavement. The Richard automobile drove off the pavement, struck the truck at the right front wheels, knocking them into the drive wheels.
Under all the facts, this Court held that the case was improperly withheld from the jury on the first trial. We are of the opinion that under the facts on the second trial, there was an issue of liability for the jury to determine.

*234 IV.

Did the trial court err in granting conflicting instructions?
At the request of plaintiff, the court granted Instructions Nos. 2 and 7 as follows:
"INSTRUCTION 2
The Court instructs the Jury that if you find from a preponderance of the credible evidence that Richard Gilbert was negligent in the operation of his vehicle, and which negligence, if any, proximately caused or contributed to the accident which resulted in the death of Janice Faye Magee, then you should return a verdict for the Plaintiff and assess damages against the Defendant accordingly up to the policy limits of $10,000.00."
* * * * * *
"INSTRUCTION 7
The Court instructs the Jury that if you find from a preponderance of the credible evidence that the uninsured motorist failed to keep a proper lookout[,] failed to have his vehicle under proper control or was speeding at the time of the accident complained of herein, then said uninsured motorist was negligent, and if you further find that said negligence proximately caused or contributed to the accident which resulted in the death of Janice Faye Magee, then you should return a verdict for the Plaintiff."
At the request of defendant, the court granted Instruction No. 17:
"The Court instructs the jury that the burden of proof is on the plaintiff in this case to prove by a preponderance of the evidence that Gilbert Richard was an uninsured motorist at the time of the accident in question, that the said Gilbert Richard was guilty of negligence which proximately resulted in the accident in question, that the policy of insurance with the defendant was in full force and effect at the time of the accident, and that the plaintiff has suffered damages from this accident, and should you believe that the plaintiff has failed to sustain this burden of proof, then it will be your sworn duty to return a verdict for the defendant."
Appellant contends that in Instructions Nos. 2 and 7, use of the language "proximately caused or contributed to the accident" conflicted with Instruction D-17 which used the language "proximately resulted in the accident in question, . ." It further argues that in State Farm Fire & Casualty Co. v. Wightwick, 320 So.2d 373 (Miss. 1975), this Court held a collision must be the "proximate cause of negligence" on the uninsured motorist's part. The appellant here apparently argues that there is a different rule for the application of negligence in an uninsured motorist cause and the ordinary automobile accident case. It relies upon Wightwick for that position. Although Wightwick stated that a plaintiff must show the collision was the proximate result of negligence on the part of the uninsured, it did not enunciate a new rule. Proximate cause leads to a proximate result. Proximate cause includes proximate contributing cause and the latter extends to proximate contributing result. We make no distinction in proximate cause or proximate contributing cause and proximate result or proximate contributing result. There is no merit in this assignment.
The judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.