# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2023-CA-01225-SCT

*OLYMPIA WILLIAMS, MARY THOMAS, AND
ALONZO JOHNSON*

*v.*

*MISSISSIPPI FARM BUREAU CASUALTY
INSURANCE COMPANY*

DATE OF JUDGMENT:   09/15/2023
TRIAL JUDGE:     HON. M. JAMES CHANEY, JR.
TRIAL COURT ATTORNEYS:  ROBERT G. GERMANY
           SAM STARNES THOMAS
           OWEN PATRICK TERRY
COURT FROM WHICH APPEALED: ISSAQUENA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANTS: ROBERT G. GERMANY
ATTORNEYS FOR APPELLEE: SAM STARNES THOMAS
           OWEN PATRICK TERRY
NATURE OF THE CASE:   CIVIL - INSURANCE
DISPOSITION:     AFFIRMED - 01/30/2025
MOTION FOR REHEARING FILED:

**BEFORE KING, P.J., CHAMBERLIN AND ISHEE, JJ.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1. Olympia Williams was driving a Chrysler 200 on a public roadway when she and her passenger Mary Thomas were struck by an all-terrain vehicle (ATV) operated by Patricia Cole.[1] Alonzo Johnson owned the Chrysler 200 and had it insured through Mississippi Farm Bureau Casualty Insurance Company (Farm Bureau). The policy included uninsured motorist coverage. Cole had no applicable insurance.

---

[1] Cole falsely identified herself to law enforcement as "Pam White."

¶2.     Farm Bureau sought a declaratory judgment that it owed no uninsured motorist benefits because Farm Bureau's policy excepts from the definition of "uninsured motor vehicle" "any vehicle or equipment . . . [d]esigned mainly for use off public roads . . . [and/or] [n]ot capable of being licensed to travel on public roads." Farm Bureau also filed a motion for summary judgment for the reasons stated in the declaratory judgment complaint. Williams, Thomas, and Johnson maintained that they were entitled to the full amount of the policy's uninsured motorist coverage. Following a hearing, the circuit court granted summary judgment in favor of Farm Bureau. After review, we find that summary judgment was proper; therefore, we affirm the circuit court's judgment.

## FACTS AND PROCEDURAL HISTORY

¶3.     Around July 3, 2021, Williams and Thomas were traveling on a public roadway in a 2012 Chrysler 200 when they were struck at an intersection by an ATV operated by Cole. The ATV was a "regular four wheeler." Cole was at least partially responsible for the collision. As a result of the collision, the Chrysler 200 was damaged, and Williams and Thomas were injured. It is undisputed that Cole did not have applicable insurance. Johnson owned the Chrysler 200 and had an insurance policy through Farm Bureau. Williams and Thomas were listed as drivers on the policy. The policy included a $5,000 medical-payment endorsement and two $25,000 uninsured motorist endorsements.[2]

¶4.     On October 20, 2022, Farm Bureau filed a Complaint for Declaratory Judgment and

---

[2] Farm Bureau has never disputed its obligation to pay Williams's and Thomas's medical bills in accordance with the policy. On May 24, 2023, Farm Bureau issued checks to Williams and Thomas in the amounts of $446 and $316, respectively.

Other Relief and for Damages pursuant to Mississippi Rule of Civil Procedure 57.[3]  In the complaint, Farm Bureau argued that it owed no uninsured motorist benefits to Williams, Thomas, or Johnson under the policy because the ATV operated by Cole at the time of the collision did not qualify as an "uninsured motor vehicle" under the policy.  Farm Bureau relied on the fact that the policy expressly excludes from the definition of "uninsured motor vehicle" "any vehicle or equipment . . . [d]esigned mainly for use off public roads . . . [and/or] [n]ot capable of being licensed to travel on public roads."  In response, Williams, Thomas, and Johnson filed an Answer, Defenses, and Counterclaim asking the circuit court to dismiss Farm Bureau's complaint with prejudice.  They further maintained that Cole was an "'uninsured' motorist as that term is defined by Mississippi law" and demanded that Farm Bureau pay the policy limits for Williams's and Thomas's injuries.

¶5.     On June 2, 2023, Farm Bureau filed a Motion for Summary Judgment requesting the court to enter a final and declaratory judgment declaring as a matter of law that it did not owe uninsured motorist benefits to Williams, Thomas, or Johnson under the policy.  In support of its motion, Farm Bureau relied on the policy exclusion referenced in its Complaint for Declaratory Judgment.  Williams, Thomas, and Johnson collectively filed a Response in Opposition to Motion for Summary Judgment arguing that the exclusion (1) unlawfully restricts or reduces coverage required by Mississippi's Uninsured Motorist Act[4] and (2) does

---

[3] At the time of filing, Cole's identity was still unknown.  On January 9, 2023, Farm Bureau amended its Complaint for Declaratory Judgment and Other Relief and For Damages to name Cole as a defendant.

[4] *See* Miss. Code Ann. §§ 83-11-101 to -111 (Rev. 2022).

not apply to the facts of this case.

¶6.    On August 7, 2023, the circuit court held a hearing on Farm Bureau's summary judgment motion. The court ultimately found that the policy provision was clear and unambiguous and applied to the ATV involved in the collision. As a result, the court granted Farm Bureau's summary judgment motion and entered a separate, final judgment pursuant to Mississippi Rule of Civil Procedure 54(b) as to Williams's, Thomas's, and Johnson's uninsured motorist insurance claims. They appealed.

## STANDARD OF REVIEW

¶7.    This Court reviews a circuit court's grant or denial of summary judgment de novo. *Miss. Dep't of Revenue v. Hotel & Rest. Supply*, 192 So. 3d 942, 945 (Miss. 2016). A party is entitled to summary judgment if the record shows that there is no genuine issue of material fact and that the party is entitled to a judgment as a matter of law. M.R.C.P. 56(c). We review the summary judgment record in the light most favorable to the nonmoving party. *Thomas v. Chevron U.S.A., Inc.*, 212 So. 3d 58, 60 (Miss. 2017). The nonmoving party, however, "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in [Mississippi Rule of Civil Procedure 56], must set forth specific facts showing that there is a genuine issue for trial." M.R.C.P. 56(e).

## DISCUSSION

¶8.    "The language and provisions of insurance policies are viewed as contracts and are subject to the same rules of interpretation as other contracts." *Hayne v. The Drs. Co.*, 145 So. 3d 1175, 1180 (Miss. 2014) (citing *Hankins v. Md. Cas. Co./Zurich Am. Ins. Co.*, 101

4

So. 3d 645, 652 (Miss. 2012)). When a policy's language is clear and unambiguous, it must be enforced as written. *Id.* Any ambiguity is strictly construed against the insurer. *S.C. Ins. Co. v. Keymon*, 974 So. 2d 226, 230 (Miss. 2008) (citing *Titan Indem. Co. v. Estes*, 825 So. 2d 651, 656 (Miss. 2002)). "Although ambiguities in an insurance policy are construed against the insurer, a court must refrain from altering or changing a policy where terms are unambiguous, despite resulting hardship on the insured." *Id.* (quoting *Estes*, 825 So. 2d at 656).

¶9.    Further, "an insurer cannot limit, restrict or reduce the coverage requirements of [Mississippi's Uninsured Motorist Act] by omitting language or inserting restrictive language into its insurance policies." *Spradlin v. State Farm Mut. Auto. Ins. Co.*, 650 So. 2d 1383, 1386 (Miss. 1995). If the policy terms meet the Act's minimum requirements, they are not contrary to Mississippi public policy. *See, e.g.*, *Gillespie v. S. Farm Bureau Cas. Ins. Co.*, 343 So. 2d 467, 470 (Miss. 1977); *Travelers Indem. Co. v. Chappell*, 246 So. 2d 498, 509 (Miss. 1971) (interpreting Mississippi's Motor Vehicle Safety Responsibility Act).

¶10.    Here, Farm Bureau's policy states that the term "uninsured motor vehicle" does not include any vehicle or equipment "designed mainly for use off public roads" and "not capable of being licensed to travel on public roads." The Plaintiffs first argue that this exclusion unlawfully restricts or reduces mandatory coverage provided by Mississippi's Uninsured Motorist Act. Thus, plaintiffs argue that the ATV in this case qualifies as an "uninsured motor vehicle" for purposes of Mississippi's Uninsured Motorist Act.

¶11.    This Court has consistently held that the language of Mississippi's Uninsured Motorist

Act "must be construed liberally to provide coverage and strictly to avoid or preclude exceptions or exemptions from coverage." *Aetna Cas. & Sur. Co. v. Williams*, 623 So. 2d 1005, 1008 (Miss. 1993) (internal quotation marks omitted) (quoting *Harris v. Magee*, 573 So. 2d 646 (Miss. 1990), *overruled on other grounds by Meyers v. Am. States Ins. Co.*, 914 So. 2d 669 (Miss. 2005)); *see also Stevens v. U.S. Fid. & Guar. Co.*, 345 So. 2d 1041, 1043 (Miss. 1977). If the provisions of an uninsured motorist insurance policy conflict with Mississippi's Uninsured Motorist Act, "the statutory provisions prevail and are incorporated into the policy." *Dunnam v. State Farm Mut. Auto. Ins. Co.*, 366 So. 2d 668, 670 (Miss. 1979).

¶12. Mississippi's Uninsured Motorist Act states, in relevant part:

> No automobile liability insurance policy or contract shall be issued or delivered after January 1, 1967, unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages for bodily injury or death, or would be legally entitled to recover as damages for bodily injury or death but for the immunity provided under the Mississippi Tort Claims Act, from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than those set forth in the Mississippi Motor Vehicle Safety Responsibility Law . . . .

Miss. Code Ann. § 83-11-101(1) (Rev. 2022). Mississippi's Uninsured Motorist Act incorporates the limits of Mississippi's Motor Vehicle Safety Responsibility Law. *Id*.; Miss. Code Ann. §§ 63-15-1 to -75 (Rev. 2022). Mississippi's Uninsured Motorist Act does not define the term "motor vehicle." Mississippi's Motor Vehicle Safety Responsibility Law defines a "motor vehicle" as:

> Every self-propelled vehicle (other than traction engines, road rollers and graders, tractor cranes, power shovels, well drillers, implements of husbandry, electric bicycles, personal delivery devices and electric personal assistive

mobility devices as defined in Section 63-3-103[] which is *designed for use upon a highway*, including trailers and semitrailers designed for use with such vehicles, and every vehicle which is propelled by electric power obtained from overhead wires but not operated upon rails.

Miss. Code Ann. § 63-15-3(c) (Rev. 2022) (emphasis added). This Section defines "highway" as the "entire width between property lines of any road, street, way, thoroughfare or bridge in the State of Mississippi not privately owned or controlled, when any part thereof is open to the public for vehicular traffic and over which the state has legislative jurisdiction under its police power." Miss. Code Ann. § 63-15-3(a) (Rev. 2022).

¶13. Notably Mississippi Code Section 63-31-3 (operations of all-terrain vehicles on public property) defines an ATV as an off-road vehicle not authorized for use on a public road or highway. Miss. Code Ann. § 63-31-3(5)(b) (Rev. 2022). Specifically, Section 63-31-3(6) states that "[n]othing in this section shall be construed to authorize operation of an off-road vehicle on a public road or highway of this state." Miss. Code Ann. § 63-31-3(6) (Rev. 2022). Thus, because an ATV is not designed for use upon the highway, it does not meet the statutory definition of "motor vehicle" provided in Mississippi Code Section 63-15-3(c).

¶14. This Court "do[es] not read statutes in isolation, but instead, we must construe our statutes together." *Maranatha Faith Ctr., Inc. v. Colonial Tr. Co.*, 904 So. 2d 1004, 1007 (Miss. 2004) (citing *Wilbourn v. Hobson*, 608 So. 2d 1187, 1191 (Miss. 1992)) ("statutes which relate to the same subject matter must be read together to determine the mind of the Legislature"). In reading these statutes together, we find that it is clear that the Legislature did not intend to classify vehicles or equipment not designed for highway use (such as ATVs) as uninsured motor vehicles for purposes of Mississippi's Uninsured Motorist Act. That is

7

not to say that a policy could not expand the minimum requirements of the Act. Although "insurers may not use policy language to diminish coverage mandated by statute . . . they may enhance coverage." *Guardianship of Lacy v. Allstate Ins. Co.*, 649 So. 2d 195, 197 (Miss. 1995). But here, the policy language does not unlawfully restrict or reduce coverage provided by the Act.

¶15. This Court dealt with a similar issue in *Dowdle v. Mississippi Farm Bureau Mutual Insurance Co.*, 697 So. 2d 788, 789 (Miss. 1997), and held that golf carts were not within the statutory definition of motor vehicle as set forth in Mississippi's Motor Vehicle Safety Responsibility Law. *Dowdle* involved a plaintiff who was injured by the negligent operation of a golf cart. *Id.* at 788-89. He subsequently filed a claim against his insurer for uninsured motorist coverage. *Id.* The insurer's policy clearly and unambiguously excluded recreational vehicles from uninsured motor coverage. *Id.* Specifically, the policy defined "automobile" as not including "[m]otorcycles, motor driven cycles, all-terrain vehicles *or any other recreational vehicle*" and excluded from the definition of "uninsured motor vehicle" "any all-terrain (ATV) motorized vehicle or motorcycle or farm type tractor *or equipment designed for use principally off public roads*." *Id.* at 789. This Court ultimately concluded that a golf cart was a recreational vehicle "designed for use principally off public roads" and was therefore excluded under the specific definitions provided in the policy. *Id.* at 791 (internal quotation marks omitted).

¶16. The *Dowdle* case additionally forecloses the Plaintiffs' second argument that the ATV operated by Cole does not fall within Farm Bureau's policy exclusion. Like the policy in

*Dowdle*, the policy is clear and unambiguous. The policy defines an automobile as "a land or motor vehicle or a trailer designed for travel on public roads but does not include mobile equipment." As previously stated, the policy expressly excludes from the definition of "uninsured motor vehicle" "any vehicle or equipment . . . [d]esigned mainly for use off public roads . . . [and/or] [n]ot capable of being licensed to travel on public roads." As stated above, Section 63-31-3 defines an ATV as an off-road vehicle not authorized for use on a public road or highway. *See generally* Miss. Code Ann. § 63-31-3 (Rev. 2022). Thus, we find that the policy's clear and unambiguous language excludes ATVs from the term "uninsured motor vehicle."

¶17. Plaintiffs further attempt to distinguish *Dowdle* from the present case because in *Dowdle*, it was unclear whether the injured plaintiff was operating a vehicle on a public roadway when he was struck by a golf cart or whether he was a passenger in the golf cart. *Dowdle*, 697 So. 2d at 788. This argument is misplaced because this potential distinction did not contribute to this Court's holding in *Dowdle*, which unequivocally stated that "golf carts are not motor vehicles as contemplated by [Mississippi's Motor Vehicle Safety Responsibility Law]." *Id.* at 790.

## CONCLUSION

¶18. In conclusion, we find that the language of the policy does not unlawfully restrict or reduce coverage mandated by Mississippi's Uninsured Motorist Act. Further, we find that clear and unambiguous language in the policy excludes ATVs from the term "uninsured motor vehicle." Accordingly, we affirm the circuit court's grant of summary judgment in

favor of Farm Bureau.

¶19.  **AFFIRMED.**

**RANDOLPH, C.J., KING AND COLEMAN, P.JJ., MAXWELL, CHAMBERLIN, GRIFFIS, SULLIVAN AND BRANNING, JJ., CONCUR.**