INZER, Justice.
This is an appeal from a judgment of the Circuit Court of George County entered as a result of that court sustaining ap-pellee’s motion for a directed verdict. We affirm.
Appellants are the heirs of Della Faye Gartman, who was killed as a result of a collision between an automobile in which she was a passenger and a truck owned by Bush Construction Company and driven by its employee, Willie Henry. The accident happened at about 10 A. M. on June 5, 1966, on a road under construction in the Agricola community of George County. Bush Construction Company was the subcontractor doing the grading and preparation of the road for paving. The grading was complete on that part of the road where the accident happened, and it was being used by the general public. At the point where the accident happened the road runs in an east and west direction and Willie Henry was driving a water truck west on his right side of the road. The decedent was riding in a car driven by Harvey Radcliff, traveling in the same di *847 rection and overtaking the truck. The truck and other traffic had stirred up the dust and Radcliff did not see the truck until he entered the dust. When he saw the truck he applied his brakes, but was unable to keep the right front side of his car from striking the left rear of the truck. The force of the collision demolished the right side of the car and pulled the rear wheels out from under the truck body.
The trial court, after hearing the evidence on behalf of plaintiffs, sustained ap-pellees’ motion for a directed verdict. In doing so the court stated, among other things:
I am convinced that the sole proximate cause of the accident was due to the negligence of the driver of the automobile. I think it was his duty to be vigilant and that he failed to do that and keep a proper lookout. The testimony is undisputed that he drove into this pile of dust, that he didn’t slack his speed or do anything prior to going into the dust which obscured his vision.
The only error assigned on this appeal is that the lower court erred in sustaining defendants’ motion for a directed verdict.
After a careful study, which included considering the evidence most favorable to appellants, we are convinced that the trial court was not in error in sustaining the motion for a directed verdict. There is no doubt that the truck was on its right side of the road at the time it was struck from the rear by the car. The driver of the car knew that the road was newly constructed; he had travelled the road several times before the accident; there was nothing to keep him from seeing the dust before he entered it without slackening his speed, which he said was about 45 miles per hour. He was unable to stop or avoid striking the truck. We are unable to find any evidence of negligence on the part of the ap-pellees that we can say caused or contributed to the accident. Therefore, we are of the opinion that the trial court was correct in sustaining the motion for a directed verdict.
For the reasons stated, this case is affirmed.
Affirmed.
GILLESPIE, P. J., and JONES, PATTERSON, and ROBERTSON, JJ., concur.