# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-01012-COA

**BOBBIE JEAN LOWE**                                                    **APPELLANT**

**v.**

**CITY OF MOSS POINT, MISSISSIPPI,**                                    **APPELLEE**
**A MUNICIPAL CORPORATION**

DATE OF JUDGMENT:              06/09/2016
TRIAL JUDGE:                   HON. DALE HARKEY
COURT FROM WHICH APPEALED:     JACKSON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        DAVID C. FRAZIER
ATTORNEYS FOR APPELLEE:        AMY LASSITTER ST. PE'
                               JAMES EVERETT LAMBERT III
NATURE OF THE CASE:            CIVIL - PERSONAL INJURY
DISPOSITION:                   AFFIRMED - 10/03/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### EN BANC.

### LEE, C.J., FOR THE COURT:

¶1.    Bobbie Jean Lowe brought a suit against the City of Moss Point (the City) for an injury she sustained while on municipal property. The Jackson County Circuit Court granted the City's motion for summary judgment, finding that the City was entitled to discretionary-function immunity under Mississippi Code Annotated section 11-46-9(1)(d) (Rev. 2012). Lowe now appeals. Finding no error, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.    On October 20, 2012, Lowe attended a breast-cancer-awareness event called "Bras Across the Bridge" held in Moss Point, Mississippi. During the course of the event, many

participants, including Lowe, congregated at Pelican Landing, a community rental space owned by the City. After being at the event for a few hours, Lowe began to walk to her car to leave when she stepped in a grass-covered hole, fell, and injured her ankle.

¶3. Lowe filed suit against the City, alleging that the City was negligent in its maintenance of the lawn and facility at Pelican Landing, proximately causing Lowe's injuries. The City's answer denied any negligence on its part and also asserted that it was immune from suit under the Mississippi Tort Claims Act (MTCA). Miss. Code Ann. §§ 11-46-1 to -23 (Supp. 2016). After the parties participated in limited discovery, the City filed a motion for summary judgment, arguing that it was immune from suit specifically under sections 11-46-9(1)(d) and (v). After a hearing on the motion, the trial court granted the City's motion for summary judgment, finding that the City was immune from suit under section 11-46-9(1)(d). Lowe now appeals.

## STANDARD OF REVIEW

¶4. The MTCA provides "that governmental entities and their employees shall be exempt from liability in certain situations as outlined in the MTCA." *Brantley v. City of Horn Lake*, 152 So. 3d 1106, 1108-09 (¶6) (Miss. 2014) (citing § 11-46-9). Whether governmental immunity applies "is a question of law and is a proper matter for summary judgment." *Id*. (quoting *Mitchell v. City of Greenville*, 846 So. 2d 1028, 1029 (¶8) (Miss. 2003)). An appellate court reviews the application of the MTCA under a de novo standard. *Id*. (citing *Lee v. Mem'l Hosp. at Gulfport*, 999 So. 2d 1263, 1266 (¶8) (Miss. 2008)).

¶5. The grant or denial of summary judgment is also reviewed de novo. *Mitchell v.*

*Ridgewood E. Apartments LLC*, 205 So. 3d 1069, 1073 (¶13) (Miss. 2016). In viewing the evidence in the light most favorable to the nonmoving party, summary judgment is proper where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id*. (quoting M.R.C.P. 56(c)).

**DISCUSSION**

¶6.     The trial court found that the City was immune from suit under section 11-46-9(1)(d). Section 11-46-9(1)(d) provides governmental entities with immunity when the function performed is a discretionary one:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:

> > (d) Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused[.]

Thus, the case hinges on whether the City's lawn maintenance at Pelican Landing is a discretionary function.

¶7.     In *Boroujerdi v. City of Starkville*, 158 So. 3d 1106, 1112 (¶19) (Miss. 2015), the Mississippi Supreme Court explained that a function is discretionary "[i]f the duty or activity [that] forms the basis of the suit 'is not imposed by law and depends upon the judgment or choice of the government entity or its employee[.]'" (Quoting *Pratt v. Gulfport-Biloxi Reg'l Airport Auth.*, 97 So. 3d 68, 72 (¶9) (Miss. 2012)). "[A]ll acts performed in furtherance of a discretionary function or duty are themselves entitled to immunity." *Brantley*, 152 So. 3d

at 1113 (¶22).  In contrast, "[i]f the function is ministerial, rather than discretionary, there is no immunity for the acts performed in furtherance of the function." *Little v. Miss. Dep't of Transp.*, 129 So. 3d 132, 136 (¶8) (Miss. 2013).  "A ministerial function is one that is 'positively imposed by law.'" *Id*. (quoting *Pratt*, 97 So. 3d at 72 (¶9)).  Notwithstanding the distinctions, "narrower duties encompassed in a broad discretionary function may be rendered ministerial through statute or regulation." *Brantley,* 152 So. 3d at 1113 (¶22).

¶8.     To determine whether the City's lawn maintenance at Pelican Landing is a ministerial or discretionary duty, we must apply the following test as set forth in *Brantley*:

> The Court first must consider the broadest function involved in order to make a baseline determination of whether the overarching function is discretionary or ministerial.  The Court then must examine any narrower duty associated with the activity at issue to determine whether a statute, regulation, or other binding directive renders that particular duty a ministerial one, notwithstanding that it may have been performed within the scope of a broader discretionary function.

*Id.* at (¶26).

¶9.     Lowe asserts that lawn maintenance constitutes the broadest function involved here and the ownership, operation, and care of Pelican Landing, the narrower function.  Lowe, however, confuses and inverts the two.  In the instant case, the broadest function involved is the City's ownership and holding of Pelican Landing—the premises at issue.  Mississippi Code Annotated section 21-17-1(1) (Rev. 2015) provides, in pertinent part, that "[e]very municipality . . . shall have [the] power . . . to purchase and hold real estate . . . for all proper municipal purposes . . . ."  Lowe argues that section 21-17-1, when read together with Mississippi Code Annotated sections 21-17-3 (Rev. 2015), 21-17-5 (Supp. 2016), and 21-37-

4

3 (Rev. 2015), renders the care, management, and control of municipal property an affirmative ministerial duty to which immunity does not apply. This is incorrect. Section 21-17-1 empowers the City to purchase and hold real estate, such as Pelican Landing. It does not require the City to do so. Similarly, section 21-17-5 provides municipalities with general authority and jurisdiction in regard to the care, management, and control of their property. Section 21-17-3 instructs that municipalities must exercise their powers lawfully. None of the statutes cited by Lowe require or impose an affirmative duty on the City to purchase, maintain, care, or control the property. Rather, the statutes empower the City with the authority to do so. Thus, the overarching function—the City's ownership and holding of Pelican Landing—is a discretionary one.

¶10. Again, notwithstanding that the broader function is discretionary, the supreme court has explained that

> while one statute may render a broad function ministerial, another statute or regulation may render a duty involved with that function discretionary, thus allowing the performance of such a duty to enjoy immunity. And clearly, the converse must be true, such that *narrower duties encompassed in a broad discretionary function may be rendered ministerial through statute or regulation*.

*Miss. Transp. Comm'n v. Adams*, 197 So. 3d 406, 412 (¶14) (Miss. 2016) (quoting *Brantley*, 152 So. 3d at 1113 (¶22)).

¶11. Lowe does not cite, and this Court does not find, any statute, regulation, or other binding directive that imposes a duty on the City to maintain the grass, lawn, grounds, or premises of its properties. Where a duty is not imposed by law, it is discretionary. *City of Natchez v. De la Barre*, 145 So. 3d 729, 732 (¶12) (Miss. Ct. App. 2014). Thus, the City's

5

maintenance of its lawn at Pelican Landing—the narrower duty at issue—is a discretionary one. Curiously, Lowe admits as much in her brief before this Court: "To be sure, the decision . . . of when and under what circumstances the [City] performs lawn maintenance at Pelican Landing is a discretionary function." Yet Lowe attempts to circumvent the outcome of *Brantley*'s application by asserting that lawn maintenance is the broad discretionary function, while the power to purchase, hold, care for, and control Pelican Landing as municipal property is a narrower ministerial duty. The categorization is illogical and lacks authoritative support.

¶12. Here, Lowe has wholly failed to meet the "burden of proving that the narrower function or duty at issue has lost its discretionary-function immunity[,]" . . . as she has failed to show "that the [discretionary] act also furthered a more narrow function or duty that is made ministerial by another specific statute, ordinance, or regulation promulgated pursuant to lawful authority." *Brantley*, 152 So. 3d at 1115 (¶28). Both the governmental function in this case and the activity at issue in furtherance of that function are discretionary, and accordingly, are entitled to immunity. Thus, summary judgment in favor of the City pursuant to section 11-46-9(d)(1) was proper. Because immunity has been established, it is unnecessary for us to address the parties' alternative arguments, which were, likewise, not relied upon or addressed by the trial court.

¶13. **AFFIRMED.**

**IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, GREENLEE AND WESTBROOKS, JJ., CONCUR. WILSON, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**