## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-CA-01715-SCT

*BENJAMIN ROBINSON AND APRIL ROBINSON*

*v.*

*HOLMES COUNTY, MISSISSIPPI AND*
*BRIERFIELD INSURANCE COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/22/2017 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS-BLACKMON |
| TRIAL COURT ATTORNEYS: | BOBBY L. DALLAS |
| | MICHAEL T. JAQUES |
| | RICHARD T. LAWRENCE |
| | ROY A. SMITH, JR. |
| | DENISE WESLEY |
| | STEVEN J. GRIFFIN |
| | JAMES COLLIN MALEY |
| COURT FROM WHICH APPEALED: | HOLMES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | MICHAEL T. JAQUES |
| ATTORNEYS FOR APPELLEES: | ROY A. SMITH, JR. |
| | STEVEN J. GRIFFIN |
| | RICHARD T. LAWRENCE |
| | MICHAEL O. GWIN |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 09/26/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

EN BANC.

COLEMAN, JUSTICE, FOR THE COURT:

¶1.    Benjamin Robinson drove his employer's vehicle into the rear end of a stopped

Holmes County garbage truck. The garbage truck was stopped picking up garbage on the side

of the highway in dense fog.  Robinson sued Holmes County and his uninsured motorist

carrier, Brierfield Insurance Company. Robinson asserts that Holmes County was negligent in its operation of the garbage truck. Robinson also asserts a breach of contract claim, stating that Brierfield Insurance Company breached the insurance contract by denying him uninsured motorist benefits.

¶2. The trial court granted summary judgment and found not only that Holmes County was not negligent but also that it was immune under the Mississippi Tort Claims Act. The trial court further found that, since Holmes County was not negligent, Brierfield also is not liable as the uninsured motorist insurance provider. Robinson appeals.

## FACTS AND PROCEDURAL HISTORY

¶3. In the early morning hours of October 25, 2011, Robinson was driving to work in a truck owned by his employer and insured by Brierfield Insurance Company. Robinson described a "dense fog" and stated that he could not see the road. At the same time, a Holmes County garbage truck was stopped in the highway while employees picked up garbage. The fog obscured Robinson's vision, and he did not see the truck in time to stop. Robinson collided with the rear end of the garbage truck.

¶4. Robinson filed a complaint against Holmes County and Brierfield Insurance Company, seeking damages for injuries sustained in the collision. Robinson alleges Holmes County was negligent in its operation of the garbage truck. Specifically, Robinson asserts that the accident was caused by the garbage truck's blocking his lane of travel and by the failure of the workers to display reasonable warning devices. Robinson alleges Brierfield Insurance Company breached its contract by failing to pay him uninsured motorist benefits.

2

¶5. Holmes County filed its answer and defenses, denying all liability and claiming immunity under the Mississippi Tort Claims Act. Holmes County later filed its motion for summary judgment, seeking dismissal. Holmes County claimed immunity under Mississippi Code Sections 11-46-9(1)(q) and 11-46-9(1)(v) (Rev. 2015). Brierfield joined Holmes County's motion for summary judgment, in part, and included the additional argument that Robinson could not make a *prima facie* case that the Holmes County employees had been negligent in the first place. Brierfield contended that in the absence of negligence, it was not required to provide uninsured motorist coverage.

¶6. After a hearing, the circuit court granted Holmes County's amended motion for summary judgment. The court found that Robinson had failed to make a *prima facie* case of negligence against Holmes County and that Holmes County was entitled to discretionary function immunity under the tort claims act. After a motion by Brierfield, the circuit court issued its corrected order under Mississippi Rule of Civil Procedure 60(a), reiterating that "Holmes County should be granted immunity on all grounds." The corrected order clarified that "Holmes County was granted summary judgment because the fog was the sole proximate cause of the accident," and it further clarified that the County's decision not to have a flag man present was a discretionary function because it "is immune and is therefore not negligent in the accident." The corrected order also granted Brierfield's motion for summary judgment.

**STANDARD OF REVIEW**

3

¶7. "A trial court's grant or denial of summary judgment is reviewed de novo." ***Miss. Baptist Med. Ctr., Inc. v. Phelps***, 254 So. 3d 843, 844-45 (¶5) (Miss. 2018) (citing ***Leffler v. Sharp***, 891 So. 2d 152, 156 (Miss. 2004)). "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.'" ***Id.*** at 845 (¶ 5) (quoting Miss. R. Civ. P. 56(c)). Evidence will be viewed in the light most favorable to the nonmoving party. ***Estate of Northrop v. Hutto***, 9 So. 3d 381, 384 (¶ 8) (Miss. 2009). The "[nonmoving] party's claim must be supported by more than a mere scintilla of colorable evidence; it must be evidence upon which a fair-minded jury could return a favorable verdict." ***Lott v. Purvis***, 2 So. 3d 789, 792 (¶ 11) (Miss. Ct. App. 2009) (quoting ***Wilbourn v. Stennett, Wilkinson & Ward***, 687 So. 2d 1205, 1213 (Miss. 1996)). If no genuine issue of material fact exists to be resolved, then the moving party is entitled to judgment as a matter of law. ***Id.*** at 792 (¶ 11).

## DISCUSSION

I. **The trial court did not err in finding that Robinson failed to establish a *prima facie* case of negligence.**

¶8. Robinson bears the burden of producing evidence establishing a *prima facie* case of negligence on the part of the Holmes County employees. ***Goodwin v. Gulf Transp. Co.***, 453 So. 2d 1035, 1036 (Miss. 1984). If he cannot, then his claims against both Holmes County and Brierfield fail. ***Horton v. City of Vicksburg***, 268 So. 3d 504 (Miss. 2018). As was the case in ***Horton***, Robinson's failure to make a *prima facie* showing of negligence obviates the need to address the immunity issues. ***Id.*** at 505 (¶ 1).

4

¶9. In today's case, viewing the evidence in the light most favorable to Robinson, he cannot hope to prove negligence at trial. The conduct of the Holmes County employees was not a proximate contributing cause of the accident.

¶10. Robinson alleges that the accident was caused "by the garbage truck's blockage of the lane of travel" and by the "failure of the garbage truck to display any adequate or reasonable warning devices, including lights." However, there is no evidence of negligence on the part of Holmes County. The only evidence of any type of negligence is Robinson's running into the rear end of the garbage truck in blinding fog.

¶11. In ***Robertson v. Welch***, 134 So. 2d 491, 491 (Miss. 1961), Welch was traveling too fast down a highway in "misty and foggy" weather; the defendant even admitted "you couldn't hardly see a thing." ***Id.*** at 491-92. The defendant's vehicle struck a pedestrian. ***Id.*** The defendant stated he never saw the pedestrian before hitting her. ***Id.*** at 493. The Court noted the defendant's legal duty to be on the alert for pedestrians and others using the highway and the defendant's legal duty to drive his automobile at such a speed necessary to avoid injury to others coming within the range of his lights. ***Id.*** The Court stated that "because of the condition of the weather," Welch "had no right whatever to operate his automobile blindly down this highway at 35 miles an hour." ***Id.*** at 493 (citing ***Keith v. Yazoo & M.V.R. Co.***, 151 So. 916, 916 (1934)).

> To all intents and purposes Welch, if he was telling the truth, might as well have been physically blind. It should be indelibly seared into the memory of all motorists that neither the law nor the courts can, or will, turn loose to kill and maim persons on the highways of this state, drivers, who are either physically blind, or are so indifferent to their responsibility to others that they do not see although they have eyes for that purpose.

*Id.* at 493-94. Welch's "conduct stands out as a glaring instance of unadulterated carelessness and negligence." *Id.* Based on the evidence, the Court found no negligence on the part of the pedestrian, and it found Welch's conduct, speeding in foggy weather, to be the sole cause of the accident. *Id.*

¶12. In *Gartman v. Bush Construction Co.*, 227 So. 2d 846 (Miss. 1969), the Court held that no fault or negligence on the part of a construction company and its driver could be shown after the plaintiff drove into a dense dust cloud and collided with the rear end of a construction water truck. The trial court granted a directed verdict against Gartman, finding that "there was nothing to keep [the plaintiff] from seeing the dust before he entered it without slacking his speed." *Id.* at 847. Reviewing the record, the Court was "unable to find any evidence of negligence" on the part of the construction company or its employee that the Court could conclude "caused or contributed to the accident." *Id.* Accordingly, the Court upheld the directed verdict in favor of the defendants. *Id.*

¶13. The record belies Justice Maxwell's position that the trial judge did not find that Robinson failed to make a *prima facie* showing of negligence. In her corrected order, the trial judge wrote in reference to the original order, "[I]t was the Court's finding that . . . Holmes County was not negligent . . . ." The trial judge clarified her earlier finding because she had failed to rule upon Brierfield's separate motion for summary judgment, in which Brierfield argued that because plaintiff could not make a *prima facie* showing of negligence, the plaintiff's claim for uninsured motorist benefits must fail.

¶14. Justice Maxwell is correct that, other than arguing causation, which pertains to both the weather-immunity provision and the common-law negligence elements, Holmes County did not expressly argue that Robinson failed to make a *prima facie* case of negligence. However, Brierfield, also a defendant, did. In its motion, Brierfield argued, "The plaintiffs have not and can not produce any evidence establishing a *prima facie* case of the following essential elements of negligence against the County (a) breach of duty or (b) proximate cause." The entirety of the trial judge's treatment of Brierfield's motion in the corrected order reads as follows:

> At the time of the original order, the Court did not entertain the Defendant, Brierfield Insurance Company's Motion for Joinder in Holmes County's Motion for Summary Judgment, and realizes that Brierfield's motion should have been addressed at that time in that the motion was argued before the Court. It was the Court's finding that since Holmes County was not negligent, Brierfield Insurance Company was not liable. At the time of the original order, it was the Court's intent to grant Summary Judgment to Holmes County, as well as to Brierfield Insurance Company.

The most apparent meaning of the above-quoted paragraph—especially given the trial court's use of the word "negligent" instead of immunity—is that the trial judge agreed with Brierfield's separate argument regarding plaintiff's failure to make a case of common-law negligence.[1] Brierfield's argument combined with the trial judge's second order entered for the express purpose of addressing it lead to the conclusion that the trial court granted summary judgment on both grounds: sovereign immunity as to Holmes County and the failure of the plaintiff to provide evidence of his negligence claim as to Brierfield.

---

[1] Brierfield both joined Holmes County's motion for summary judgment and made its own separate motion.

7

¶15. Immunity from liability for negligence based on sovereign immunity differs from not being negligent. Given the difference between immunity from liability on one hand and failing to prove the elements of common-law negligence on the other, given the fact that one of the parties argued (and continues to argue on appeal) that Robinson failed to produce evidence as to all elements of his common-law negligence claim, and, finally, given that the trial court's finding that fog was the sole proximate cause of the accident pertains to the elements of a negligence claim but not to discretionary-function immunity, we cannot agree with Justice Maxwell that the trial judge only addressed immunity in her orders.

¶16. In any event, whether the trial court based its grant of summary judgment to the defendants on sovereign immunity, negligence, or both, we may affirm the lower court's grant of summary judgment for any sufficient reason apparent from the record. **Cummins v. Goolsby**, 255 So. 3d 1257, 1258-1259 (¶ 8) (Miss. 2018). As noted above, Brierfield argued the plaintiff's failure to make a *prima facie* case of negligence in its separate motion for summary judgment before the trial court. In its brief on appeal, Brierfield again argues that Robinson failed to offer "admissible evidence to establish the negligence of Holmes County and its employees." Brierfield argued that Robinson's failure to make a *prima facie* showing of negligence before the trial court and in the instant appeal and Robinson's failure to demonstrate an issue of fact on the element of proximate cause disposes of all issues before the Court.

> II. **To recover against Brierfield Insurance Company, the uninsured motorist laws of Mississippi require that Robinson prove Holmes County's negligence.**

¶17. Robinson's obligation to prove negligence is embedded in the uninsured motorist statutes. The uninsured motorist statutes require Robinson to prove he is "legally entitled to recover as damages for bodily injury . . . from the owner or operator of an uninsured motor vehicle." Miss. Code Ann. § 83-11-101 (Rev. 2011). The Court has held previously that it "was essential to due process" that insureds under an uninsured motorist policy "carry the burden which rested upon [the insured]" to prove against the uninsured motorist carrier the essential elements of a tort claim. *State Farm Fire & Cas. Co. v. Wightwick*, 320 So. 2d 373, 375 (Miss. 1975).

¶18. The fundamental requirement of proving breach of duty and proximate cause against the uninsured motorist is confirmed by legal scholarship:

> Plaintiff must show that he is "legally entitled to recover" damages from the uninsured motorist; that is, he must show that the uninsured motorist's negligence was the proximate cause of the accident.

Richard T. Phillips, *A Guide to Uninsured Motorist Law in Mississippi*, 52 Miss. L.J. 225, 307 (1982).

¶19. The Court has held previously that there is no "different rule for the application of negligence in an uninsured motorist cause and the ordinary automobile case" and that "[a] plaintiff must show the collision was the proximate result of negligence on the part of the uninsured [motorist.]" *State Farm Fire & Cas. Co. v. McGee*, 368 So. 2d 230, 234 (Miss. 1979) (citing *Wightwick*, 320 So. 2d at 375).

¶20. Because Robinson's negligence claim fails as a matter of law, so does his claim against Brierfield for uninsured motorist benefits. Robinson's failure to make a *prima facie*

9

showing of negligence disposes of all claims against both defendants, so we need not address the application of the Mississippi Tort Claims Act. *See Chaffee v. Jackson Pub. Sch. Dist.*, 270 So. 3d 905, 907 (¶ 9) (Miss. 2019) (failure of plaintiff to make *prima facie* showing of negligence moots issue regarding application of the Mississippi Tort Claims Act).

**CONCLUSION**

¶21. Finding no genuine issue of material fact, we affirm the judgment of trial court granting summary judgment to Holmes County and Brierfield Insurance Company.

¶22. **AFFIRMED.**

**KING, P.J., CHAMBERLIN AND ISHEE, JJ., CONCUR. RANDOLPH, C.J., CONCURS IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION. MAXWELL, J., CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION JOINED BY BEAM, J.; RANDOLPH, C.J., COLEMAN AND CHAMBERLIN, JJ., JOIN IN PART. KITCHENS, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY GRIFFIS, J.**

**MAXWELL, JUSTICE, CONCURRING IN RESULT ONLY:**

¶23. This case is really about sovereign immunity—more precisely, *which* immunity provisions, if any, apply and what impact that has on the Robinsons' ability to recover uninsured-motorist benefits. The parties teed it up that way. The judge did too. But since the plurality does not address it, I will.

¶24. I start with the fact the record compels me to respectfully disagree with the plurality's view that the trial court granted summary judgment based on "finding that Robinson failed to establish a *prima facie* case of negligence." As stated in her corrected order, the trial judge granted summary judgment because "Holmes County is immune and is *therefore* not negligent in the accident." (Emphasis added.) Finding the County was "not negligent" was

not an independent and alternative reason for granting summary judgment. Instead, it was a finding that logically flowed from the court's holding that Holmes County was entitled to summary judgment "because fog was the sole proximate cause of the accident and not having a flagman was a discretionary function . . . ." In short, the judge found Holmes County was immune based on Mississippi Code Section 11-46-9(1)(q) (Rev. 2012), which immunizes against claims arising out of injuries caused solely by the effect of weather on road conditions, and Mississippi Code Section 11-46-9(1)(d) (Rev. 2012), which immunizes against claims based on the exercise of a discretionary function.

¶25. If the judge's corrected order left any doubt that she granted summary judgment based on Holmes County's immunity claim, one need only look at Holmes County's amended motion—a motion requesting summary judgment based *solely* on its argument that it was immune under Mississippi Code Sections 11-46-9(1)(d), (q), and (v).

¶26. When it comes to a grant of summary judgment by the circuit court, we have said we will affirm "if any ground *raised and argued below* will support the lower court's decision." *Horton ex rel. Estate of Erves v. City of Vicksburg*, 268 So. 3d 504, 507 (Miss. 2018) (emphasis added). And here, Holmes County neither raised nor argued to the trial court any ground for summary judgment that was an alternative to or independent of its immunity

11

claim.[2] But even if Holmes County got enough of its foot in the door to support a no-negligence argument, the immunity question is still before us.

¶27. Since the immunity issue is primed for review, I will address it and explain why the trial court did not err. The trial court granted Holmes County summary judgment based on finding the governmental entity and its employees were immune under Mississippi Code Section 11-46-9(1)(d) and (q). As the trial judge pointed out in her order, the Robinsons did not dispute but instead advocated for why Holmes County was entitled to immunity under subsection (d)—discretionary-function immunity. But in doing so, they strenuously argued against the trial court's application of subsection (q)—weather-condition immunity. One would ordinarily ask, why would they do that since "[a]pplicability of any one of these sections creates immunity"? *Pearl River Valley Water Supply Dist. v. Bridges*, 878 So. 2d 1013, 1016 (Miss. Ct. App. 2004) (citing *State v. Hinds Cty. Bd. of Supervisors*, 635 So. 2d 839, 842 (Miss. 1994)).

---

[2] Even Holmes County's summary-judgment argument that the Robinsons had not established *prima facie* evidence that the county violated Mississippi Code Section 63-3-903 (Rev. 2013) was made in the context of discretionary-function immunity. While this case was pending at the trial level, this Court's now-abandoned "*Brantley* test" controlled the application of discretionary-function immunity. And one of the unintended consequences of *Brantley* was that it erroneously shifted the focus to alleged statutory violations, which in themselves do not create private causes of action, as a means of defeating discretionary-function immunity. *See Wilcher v. Lincoln Cty. Bd. of Supervisors*, 243 So. 3d 177, 184 (Miss. 2018). So the Robinsons alleged Holmes County violated Section 63-3-903 because under *Brantley* they thought they had to. Under that now-abandoned law, it was the only way to defeat discretionary-function immunity. And Holmes County argued on summary judgment that the Robinsons could not establish *prima facie* evidence that it violated Section 63-3-903 because, under *Brantley*, without a statutory violation, all the Robinsons would be left with are non-minsterial, discretionary duties for which the county could not be sued. In other words, even its no-*prima-facie*-evidence argument was another argument for why Holmes County was immune.

¶28.   But the answer becomes apparent when the Robinsons' uninsured-motorist claim is factored in.   Discretionary-function immunity applies "whether or not the discretion be abused."  Miss. Code Ann. § 11-46-9(1)(d).  So finding Holmes County immune under this provision would not preclude finding Holmes County still abused its discretion—i.e., was negligent.  In this respect, I agree with the dissenting justice that finding Holmes County was immune did not equate to finding no evidence of Holmes County's negligence.  And the trial court's finding Holmes County immune but still potentially negligent was precisely the needle the Robinsons hoped to thread to keep alive their uninsured-motorists claim against Brierfield.

¶29.   But weather-condition immunity creates a different scenario.

¶30.   Weather-condition immunity applies when the claimed injury was "caused solely by the effect of weather conditions on the use of streets or highways."  Miss. Code Ann. § 11-46-9(1)(q).  So finding Holmes County immune under this provision *does* preclude finding Holmes County was negligent.  If the *sole cause* of Robinson's injuries was the dense fog on the highway that morning, Holmes County's negligence could not have been a contributing cause to Robinson's injuries.  And if Holmes County's negligence was not a contributing cause of the wreck, then—regardless of immunity—the Robinsons are not "legally entitled to recover . . . damages" from Holmes County.  Miss. Code. Ann. § 83-11-101(1) (Supp. 2018).  This would also upend the Robinsons' attempts at an uninsured-motorist claim.

13

¶31. So the key question this Court should address on appeal is—Did the trial court err by finding Holmes County was immune under Section 11-46-9(1)(q) because the fog was the sole proximate cause of the accident?

¶32. The two cases the plurality cites, *Robertson v. Welch*, 242 Miss. 110, 134 So. 2d 491 (1961), and *Gartman v. Bush Construction Co.*, 227 So. 2d 846 (Miss. 1969), cannot help answer this question. Not only do both predate the Mississippi Tort Claims Act, but also neither has anything to do with sovereign immunity. Further, in neither case did this Court conclude, as the trial judge did here, that the weather condition was the sole proximate cause of the wreck. Instead, both cases found the driver of the colliding vehicle negligent for driving in low visibility conditions. So by citing these cases as controlling, I agree with the dissenting justice that the plurality leaves the impression that our holding is based on a finding that Robinson, like the drivers in *Robertson* and *Gartman*, had been negligent and his negligence was the sole proximate cause of the accident. And I share the dissenting justice's concern that such a conclusion ignores the possibility that Holmes County could have been likewise negligent for operating under the same conditions and thus seemingly takes this issue away from a jury. *See White v. Miller*, 513 So. 2d 600, 601 (Miss. 1987) (rejecting a per se rule that the driver who hits another vehicle from behind is the negligent one).

¶33. But I do not join the dissent for the simple reason the trial court did not find Robinson had been negligent or that his negligence caused, even in part, the accident. Importantly, the trial court found no evidence of any negligence at all. Instead, the fog was the sole proximate

14

cause of the accident. So the case on point is not **Robertson** or **Gartman** but rather **Hayes v. Green County**, 932 So. 2d 831 (Miss. Ct. App. 2005).

¶34. Like the case before us, **Hayes** dealt with heavy morning fog, a stopped garbage truck, and a rear-end collision. The only difference is that **Hayes** involved an additional car. While the driver of first car was able to stop in time to avoid the garbage truck, the driver of the second car never saw the first car or the garbage truck due to the dense fog. The driver of the second car slammed into the first car without even hitting the breaks, severely injuring the first car's driver. **Id.** at 832. The trial court in **Hayes** found the fog was the sole proximate cause of the accident. So it granted the garbage truck's operator, Green County, summary judgment based on Section 11-46-9(1)(q). **Id.**

¶35. On de novo review, the Court of Appeals affirmed. **Id.** at 832-33. The second driver testified the reason she did not see the first car or garbage truck was the fog. **Id.** at 833. The same is true here. Robinson testified he could think of no reason why he did not see the garbage truck in time to brake *other than the fog*. So Robinson's own deposition testimony sufficiently supports Holmes County's affirmative defense that the fog was the sole proximate cause of the accident.

¶36. While the dissent argues the Robinsons' *pleadings* are sufficient to create a material fact dispute, we are not confronted with dismissal on the pleadings. We are instead dealing with the grant of summary judgment. And at the summary-judgment stage, "[m]ere allegation or denial of material fact is insufficient to generate a triable issue of fact and avoid an adverse rendering of summary judgment." **Palmer v. Biloxi Reg'l Med. Ctr., Inc.**, 564

15

So. 2d 1346, 1356 (Miss. 1990). So while Robinson *alleged* the garbage truck did not have sufficient warning lights, he could not testify whether the truck's flashers were on or not. Meanwhile, the truck's driver testified the flashing lights were on that morning. Thus, Robinson has failed to establish a genuine fact issue that the truck's failure to use its warning lights that morning was a contributing cause of the wreck. In fact, Robinson has presented no other causation evidence other than the fog.[3] So the trial court did not err by finding the fog was the sole proximate cause of the accident.

¶37. For this reason, the trial court did not err by granting Holmes County summary judgment based on weather-condition immunity. Miss. Code Ann. § 11-46-9(1)(q). And because the application of weather-condition immunity necessarily includes a finding that the weather was the sole proximate cause of the Robinsons' injuries, the Robinsons would not be legally entitled to recover damages from Holmes County even absent immunity. For these reasons, the trial court also did not err by granting Brierfield summary judgment on the Robinsons' uninsured-motorist claim.

¶38. Accordingly, I concur in the result only.

**BEAM, J., JOINS THIS OPINION. RANDOLPH, C.J., COLEMAN AND CHAMBERLIN, JJ., JOIN THIS OPINION IN PART.**

**KITCHENS, PRESIDING JUSTICE, DISSENTING:**

---

[3] While the dissent presents some interesting—and unpled—theories why the garbage truck operator could possibly be negligent, all these theories are inextricably linked to the fog's presence and impact on the road conditions that morning. Simply put, the record evidence, even when viewed in the Robinsons' favor, points to one conclusion—no fog, no wreck.

¶39.    I dissent from the plurality's finding that Robinson failed to make a *prima facie* case of negligence. Robinson[4] pled sufficient facts to allow this matter to proceed to a jury, and I would reverse the lower court's grant of summary judgment determining that fog was the sole proximate cause of this accident in addition to its findings regarding the Mississippi Tort Claims Act (MTCA) and Mississippi's Uninsured Motorist Act.

¶40.    The vehicle driven by Benjamin Robinson was insured under an automobile liability insurance policy issued to his employer by Brierfield Insurance Company. The policy included uninsured and underinsured motorist coverage. Robinson averred that he was legally entitled to recover damages for the County's negligence under his employer's policy, pleading, "to the extent that [Robinson is] barred from recovery against Holmes County" under the Mississippi Uninsured Motorist Act, he could collect from the carrier Brierfield.[5] Robinson pled that Brierfield was properly joined "in the event that the County was immune, and therefore 'uninsured,' or in the event that Robinson's damages exceeded . . . liability under the MTCA, rendering the County 'underinsured.'" Brierfield disputed this obligation, arguing, *inter alia*, that the Robinsons are not entitled to recover uninsured motorist benefits because they "are not 'legally entitled to recover' a judgment from Holmes County because of Holmes County's immunity."

---

[4]April Robinson is an additional plaintiff, having asserted a claim for loss of consortium.

[5]*See* Miss. Code. Ann. § 83-11-101(1) (Rev. 2011) ("No automobile liability insurance policy or contract shall be issued or delivered . . . unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle . . . .").

¶41. The trial court granted summary judgment to Brierfield, thus relieving the uninsured motorist carrier of its contractual obligation to pay the Robinsons whatever damages, if any, they might have been due from Holmes County but for its immunity. The trial court found that because "Holmes County was not negligent, Brierfield Insurance Company was not liable" but also stated in its order that, as "Holmes County is immune from liability [it] is therefore not negligent in this action" and as "Holmes County is not negligent, Brierfield is not liable."

¶42. With respect, the trial court's reasoning was flawed. The court's finding that the County was immune from liability did not equate to the county's not having been negligent. The County's cloak of immunity precluded its being liable for the payment of damages to the Robinsons, even if its negligence was the sole proximate cause of the accident. Sovereign immunity protects negligent governmental tortfeasors from the burden of paying damages to those injured by their negligence. Holmes County can, at the same time, be a negligent party and an immune party.

¶43. The trial court's initial role was to adjudicate Holmes County's immunity. Miss. Code. Ann. § 11-46-13(1) (Rev. 2011) ("The judge of the appropriate court shall hear and determine, without a jury, any suit filed under the provisions of this chapter."). Having done so, and having found that the County indeed was immune, the trial court was not in a position to adjudicate the County's negligence, or the lack thereof. That task remained for a jury's determination.

18

¶44. The trial court's logic that, as "Holmes County is not negligent, Brierfield is not liable," is mistaken. First, the trial court should not, at that point, have undertaken to determine whether Holmes County had been negligent in the garbage truck accident. *See Mitchell v. City of Greenville*, 846 So. 2d 1028, 1029 (¶ 8) (Miss. 2003) ("The Mississippi Legislature has determined that governmental entities and their employees shall be exempt from liability . . . . This exemption . . . is an entitlement not to stand trial rather than a mere defense to liability and, therefore, *should be resolved at the earliest possible stage of litigation*." (emphasis added) (citation omitted)); *Lowe v. City of Moss Point*, 243 So. 3d 753, 756-57 (¶ 12) (Miss. Ct. App. 2017) ("Because immunity has been established, it is unnecessary . . . to address the parties' alternative arguments, which were, likewise, not relied upon or addressed by the trial court."), *cert. denied*, 246 So. 3d 69 (Miss. 2018). Second, a jury determination that Holmes County, although immune, was in fact negligent in some degree would be the very thing that would make Brierfield liable for all or some part of the Robinsons' damages. But instead of submitting questions of the County's fault and the amount of the plaintiffs' damages, if any, to a jury, the trial court granted summary judgment to the uninsured motorist carrier.

¶45. Because the County was adjudicated immune under the MTCA for any negligence claim, it became an *uninsured motorist* from the Robinsons' standpoint. Providing coverage when its insured is in an accident in which the negligent party has no coverage available is the purpose for which Robinson's uninsured motorist coverage had been procured.

19

¶46. By amendment of the uninsured motorist statute in 2009, "[t]he term 'uninsured motor vehicle' shall [also] mean . . . . [a] motor vehicle owned or operated by a person protected by immunity under the Mississippi Tort Claims Act . . . if the insured has exhausted all administrative remedies under that chapter." Miss. Code. Ann. § 83-11-103(3)(c)(vi) (Rev. 2011). As Robinson notes, "the amendment to Mississippi's uninsured motorist statute was a clear expression of legislative intent that uninsured motorist coverage would be available and provide coverage to insureds notwithstanding an adverse driver's entitlement to MTCA immunity."

¶47. The United States Court of Appeals for the Fifth Circuit recently addressed the interplay between MTCA immunity and our uninsured motorist provisions, holding that uninsured motorist benefits are not recoverable to the extent that an insured is not "legally entitled to recover" from the tortfeasor because it has immunity under the MTCA. *McGlothin v. State Farm Mut. Ins. Co.*, 925 F.3d 741, 747-49 (5th Cir. 2019) (quoting Miss. Code. Ann. § 83-11-101(1) (Rev. 2011)). The federal appeals court's interpretation of our statute, while interesting, is not binding upon this Court. We have not spoken on this issue, and it is before us now.

¶48. Other states' courts have considered the relationship between sovereign immunity and their uninsured motorist statutes. *See, e.g.*, *Tinsley v. Worldwide Ins. Co.*, 442 S.E.2d 877, 879 (Ga. Ct. App. 1994) ("[I]t would defeat the intent and purpose of the Act if the appellee were allowed to escape liability because of the defendants' discharge from this litigation under the doctrine of sovereign immunity."); *Losiniecki v. Am. States Ins. Co.*, 610 N.E.2d

20

878, 880 (Ind. Ct. App. 1993) ("[Plaintiff] fails to establish that he is legally entitled to recover damages from [the] Officer . . . . Indiana Code Section 34-4-16.5-3(7) [the Indiana Torts Claims Act statute] precludes [the plaintiff's] right of action against [the officer] and, thus, his legal entitlement to recovery of uninsured motorist benefits.").

¶49. For instance, the North Carolina Court of Appeals, construing North's Carolina's statutory parameters defining "uninsured motor vehicle[s]," found that

> [p]erhaps most importantly, the nature of the UM statute is remedial and therefore should be liberally construed to accomplish the beneficial purpose intended by the General Assembly. The purpose of the statute is to provide some financial recompense to innocent persons who receive bodily injury or property damage due to the negligence of uninsured motorists or those unidentified drivers who leave the scene of an accident, i.e., those who cannot be made to respond to damages.

*Williams v. Holsclaw*, 495 S.E.2d 166, 171 (N.C. Ct. App. 1998) (citations omitted).

¶50. Discerning a party's ability to receive uninsured motorist benefits confronted with a defendant shielded by sovereign immunity, the court could not countenance the "patent inequity of depriving an insured party of the benefit of his or her UM premium." *Id.* Accordingly, the *Williams* plaintiffs could pursue recovery of their damages from their uninsured motorist carrier after the court had determined that the government tortfeasors constituted "uninsured motor vehicle[s]." *Id.* at 170-71 ("Barring compensation to injured motorists based solely on the fortuity of being rear-ended by a 'municipal' vehicle is contrary to the remedial purpose of the UM statute. Moreover, precluding UM coverage in the present case in no way advances the rationale supporting the doctrine of sovereign immunity.").

21

¶51. As such courts determined when faced with both uninsured motorist recovery and sovereign immunity, I also find that "the patent inequity of depriving an insured party of the benefit of his or her UM premium is self-evident." *Id.* at 171. With due respect for the Fifth Circuit's *Erie*[6] guess, that Section 83-11-103(1) (Rev. 2011) governs uninsured motorist recovery to the extent that the insured "shall be legally entitled to recover," Section 83-11-103 (Rev. 2011) clearly defines MTCA-immune vehicles as "uninsured motor vehicles." Miss. Code. Ann. § 83-11-103(3)(c)(iv) (Rev. 2011). This plain language codifies the Legislature's intent to protect our state's traveling public who incur damages in accidents with immune motorists. In the face of this express statutory provision, it strains credulity to preclude recovery under an uninsured motorist policy solely because the other party is a government entity. It would be unconscionable to allow a private insurance company, desiring to protect itself from providing coverage under a duly issued uninsured motorist policy, to reap a windfall by cloaking itself in MTCA immunity, especially if the immune entity could be found negligent in whole or in part. *See Lawler v. Gov't Emps. Ins. Co.*, 569 So. 2d 1151, 1154 (Miss. 1990) ("Quite simply, the nonprotection advocated by the trial court is contrary to the statutory language and the recognized purpose of our UM act. Our jurisprudence holds that we must enforce our UM Coverage Act as a valid expression of our

---

[6]"We must determine whether the two provisions of Mississippi's UM Act [Section 83-11-103(1) (Rev. 2011) and Section 83-11-103(3)(c) (Rev. 2011)] are repugnant. . . . The Mississippi Supreme Court has not decided . . . . [a]nd, to make our *Erie* guess far more difficult, neither has the Mississippi Court of Appeals." *McGlothin*, 925 F.3d 741, 745-46 (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78-79, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)).

22

legislature's interest in protecting innocent victims injured at the hands of financially irresponsible drivers. In recognizing this valid expression, we have consistently construed the Act to provide, not limit, protection.").

¶52.    If Robinson had been able to litigate a claim against Holmes County under the MTCA, a bench trial would have ensued. The circuit judge would have decided issues of fact as well as questions of law. But the trial court's ruling that Holmes County was immune from civil liability to Robinson meant that there would be no trial under the procedures unique to the MTCA, one of which is that there is no jury in tort claims trials against Mississippi governmental entities. One inescapable effect of the trial court's ruling that Holmes County is immune was that Robinson then could proceed to a jury trial against the remaining defendant, the uninsured motorist insurance carrier, which clearly is a private entity, not an immune governmental one. *See Daniels v. Hetrick*, 595 S.E.2d 700, 702 (N.C. Ct. App. 2004) ("In cases where the alleged tortfeasor is dismissed from the action based upon governmental immunity it is appropriate for the plaintiff to proceed against her own uninsured motorist's coverage." (citing *Williams*, 495 S.E.2d 166)).

¶53.    Even though the trial judge opined that "the fog was the sole proximate cause of the accident," that observation is of no import, because it invaded the province of the jury as the factfinder with respect to claims against any defendant to whom MTCA protection does not apply—here, the uninsured motorist insurance carrier. The trial court's finding that Holmes County was immune from civil liability does not mean that Holmes County was in nowise negligent. The import of that ruling is that, even if Holmes County was negligent, it is

23

immune from civil liability. In the jury trial against the uninsured motorist carrier, it is for the jury to decide who, if anyone, was negligent. A jury might well determine that Holmes County was negligent; but, even so, the jury could not render a verdict against Holmes County due to its immune status. *See **Mack Trucks, Inc. v. Tackett***, 841 So. 2d 1107, 1114 (¶ 26) (Miss. 2003) ("*Fault* and *liability* are not synonyms. . . . Immunity from liability does not prevent an immune party from acting or omitting to act. Rather, immunity shields that party from any liability stemming from that act or omission. There is nothing logically or legally inconsistent about allocating fault but shielding immune parties from liability for that fault.").

¶54. Even if Holmes County carried liability insurance on its garbage truck, the trial court's decision that the County is immune rendered that coverage unavailable to Robinson. So, in effect, Holmes County became an uninsured motorist when it prevailed on its immunity defense. This is abundantly clear in light of Section 83-11-103(3)(c). The trial court's declaration of the County's immunity triggered the uninsured motorist coverage of the vehicle being driven by Benjamin Robinson.

¶55. Because the plurality does not acknowledge the issue of uninsured motorist recovery, and instead finds that there is no genuine issue of material fact that Robinson *alone* was negligent, I proceed to address this singular basis for affirming summary judgment here. Our decision in ***Robertson v. Welch*** is cited by the plurality to support its assertion that "the only evidence of any type of negligence is of Robinson's running into the rear end of the garbage truck in blinding fog." Pl. Op. ¶ 10. *See **Robertson v. Welch***, 242 Miss. 110, 119, 134 So.

24

2d 491, 494 (1961) ("[*This*] conduct stands out as a glaring instance of unadulterated carelessness and negligence.").

¶56.    To the contrary, "[t]his Court has never adopted a *per se* rule that the driver of the following car is negligent if he collides with the rear of a preceding vehicle, nor [should] we in this case." **White v. Miller**, 513 So. 2d 600, 601 (Miss. 1987). *See, e.g.*, **Clark v. McCorkle**, 252 So. 3d 603, 608 (¶ 22) (Miss. Ct. App. 2017) (plaintiffs in following car "presented sufficient evidence showing that genuine issues of material fact precluding summary judgment exist as to . . . whether the fog constituted an unusually dangerous condition") *cert. denied*, 250 So. 3d 1269 (Miss. 2018); **Jamison v. Barnes**, 8 So. 3d 238, 245 (¶ 20) (Miss. Ct. App. 2008) ("[T]here is a genuine issue of material fact as to whether [the driver of the following car] was negligent because he should have seen the tractor in time to avoid or mitigate the accident.").

¶57.    A summary assignment of 100 percent of the negligence to Robinson overlooks Mississippi's status as a comparative negligence state. *See* Miss. Code. Ann. § 11-7-15 (Rev. 2011); **Burton ex rel. Bradford v. Barnett**, 615 So. 2d 580, 582 (Miss. 1993) ("Where negligence by both parties is concurrent and contributes to injury, recovery *is not barred* under such doctrine, but plaintiff's damages are diminished proportionately, even to the extent that negligence on the part of the plaintiff was ninety percent (90%) and on the part of the defendant was ten percent (10%) . . . ." (emphasis added)); **Blackmon v. Payne**, 510 So. 2d 483, 486 (Miss. 1987) ("Even though a plaintiff might have been negligent, he might

25

still recover from a defendant whose negligence proximately caused or contributed to the plaintiff's injuries." (citing *Evans v. Journeay*, 488 So. 2d 797, 799 (Miss. 1986))).

¶58.    Whether a defendant was negligent and, if so, to what extent, are issues for a jury's consideration. *Spann v. Shuqualak Lumber Co.*, 990 So. 2d 186, 190 (Miss. 2008) (¶ 13) ("Whether the weather or the steam was the cause-in-fact of the accident is a question within the province of a jury."). With regard to automobile accidents, "if a jury can properly find that failure to maintain a proper lookout could render either driver guilty of negligence, then logically it should follow that both drivers could potentially have been negligent, and the jury [is] entitled to the option of apportioning fault or damages between the two parties." *Wansley v. Brent*, 80 So. 3d 125, 128 (¶ 13) (Miss. Ct. App. 2011).

¶59.    Here, I would find that the trial court erred by keeping this case from a jury. The trial court found, but later amended its holding, that Holmes County "should be granted liability on all grounds." The order did provide additional findings regarding the grant of summary judgment respecting legal cause and immunity, holding

> [t]herefore, the County is granted immunity under the discretionary function of the MTCA, no sufficient evidence has been offered to dispute that the fog was the sole cause of the accident, and this was not an open and obvious danger and a flagman was required to be on the scene, the lack of a flag man is a discretionary decision for which the Defendants are granted immunity from liability.

¶60.    The order was amended under Mississippi Rule of Civil Procedure 60(b) "to state that Holmes County should be granted immunity on all grounds." Further, the revised order stated, "it was the Court's intent to rule that Holmes County was granted summary judgment because the fog was the sole proximate cause of the accident, and not having a flagman was

26

a discretionary function in which Holmes County is immune and is therefore not negligent in the accident."

¶61. I would reverse this decision because Robinson presented viable claims that could permit a reasonable jury to find Holmes County negligent to some degree. Obviously, the presence of a garbage truck stopped or slowly moving in a traffic lane of a two-lane state highway, obscured by thick fog, very well may pose some risk to other motorists. The traveling public is as much entitled to use the roads as the county garbage truck, and, whether the road is public or private, every motorist is bound to fulfill the duties owed to others. *See, e.g.*, ***Fowler Butane Gas Co. v. Varner***, 244 Miss. 130, 144, 141 So. 2d 226, 230 (1962) ("This Court has pointed out in highway accident cases that it is the duty of an automobile driver to keep his automobile under control and to keep a lookout in the direction in which he is proceeding, and must at all times be vigilant and anticipate and expect the presence of others and cannot assume that the way is clear."). A reasonable factfinder could find that it was foreseeable to Holmes County that approaching motorists would not be able to see a garbage truck clearly in blinding fog, if at all. A jury could find that Holmes County failed to exercise reasonable care by operating its garbage truck under these conditions. *See **Ready v. RWI Transp., LLC***, 203 So. 3d 590, 594 (¶ 9) (Miss. 2016) ("While duty and causation both involve a foreseeability analysis, duty is an issue of law, and causation is generally a matter for the jury." (citing W. Page Keeton et al., *Prosser & Keeton on Torts* § 37, 236 (5th ed. 1984))). Reasonable jurors could conclude that Holmes County's sending its garbage truck and crew to collect garbage in a blinding fog was, in and of itself, negligent.

¶62.   While both parties were entitled to use of the road, they were obligated to use it safely, with due regard for the safety of others. A jury could have found it foreseeable that the risk of collision could have been lessened significantly if the garbage truck had waited until the fog had dissipated, allowing it better and safer visibility.

¶63.   The trial court found that Robinson could not produce sufficient evidence to dispute that the fog was the sole cause of the accident; but that determination by the court invaded the jury's province as the sole finder of fact. *Spann*, 990 So. 2d at 190 (¶ 13) ("[T]he cause-in-fact of the accident is a question within the province of a jury."); *Clark*, 252 So. 3d at 607 (¶ 21) ("[F]actual question[s] exist[] as to the presence of an emergency or unusual condition." (citing *White*, 513 So. 2d at 601)). While Robinson did say that the fog contributed to the accident, that is but one factor for a jury to take into account in assigning and/or apportioning fault.

¶64.   The Robinsons are entitled to a jury trial. They are entitled to adduce whatever proof they can that the negligence, if any, of Holmes County, proximately caused or contributed to the accident and their resulting damages. In such a trial, Holmes County would be defended by the uninsured motorist carrier. If the Robinsons were to prevail in such a trial, a verdict for money damages in their favor would be paid by that carrier up to the limits of its coverage.

¶65.   That is the way that uninsured motorist coverage is supposed to work. The owner of the vehicle that Benjamin Robinson was driving had made provision for the payment of civil claims for damages on behalf of persons using that vehicle when those damages occurred by

the negligence of motorists without collectible liability insurance coverage. Here, even though Holmes County may have purchased liability insurance coverage, it became inaccessible to the Robinsons when the county's immunity was established by the trial judge's ruling. Thus, to the Robinsons, the garbage truck was uninsured.

¶66.    Accordingly, I would also reverse the grant of  summary judgment as to Brierfield and remand this case for a jury trial.

**GRIFFIS, J., JOINS THIS OPINION.**